HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

MAUREEN RIORDAN
Acting Chief, Voting Section
Civil Rights Division

ERIC NEFF
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street, Room 8.139
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Eric.Neff@usdoj.gov

Attorneys for Plaintiff, UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>STEVE HOBBS, in his official capacity as Secretary of State of the State of Washington,<br><br>Defendant. | CASE NO:<br><br>COMPLAINT |

## INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by section 301 to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); 52 U.S.C. §§ 20510(a) and 21111; and 52 U.S.C. § 20705.

6. Venue for this action is proper in the United States District Court for the Western District of Washington because Defendant Steve Hobbs, in his official capacity as Secretary of State, resides in this district and the actions giving rise to the suit occurred in the district. 28 U.S.C. § 1391(b)(1), (c)(2).

## PARTIES

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), *id.* § 20510(a); and Title III of the Help America Vote Act ("HAVA"), *Id.* § 21111.

8. Defendant Secretary of State Steve Hobbs is sued in his official capacity as Secretary of State of Washington, the chief state election official responsible for coordinating Washington's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; RCA 29A.04.230 ("Secretary of state as chief election officer"). Secretary Hobbs is an officer of election as defined by Section 306 of the CRA. *See* 52 U.S.C. § 20706. Secretary Hobbs is sued in his official capacity only.

## BACKGROUND

9. This proceeding arises from the Attorney General's investigation into Washington's compliance with federal election law, particularly the NVRA and HAVA.

10. Both the NVRA and HAVA require States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

## THE NATIONAL VOTER REGISTRATION ACT

11. The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Defendant Hobbs is the chief election official of the State of Washington.

12. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. §§ 20507(a)(4)(A)-(B).

13. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1).

## THE HELP AMERICA VOTE ACT

14. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

15. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, *Id.* § 21083(a)(5)(A).

## FACTUAL ALLEGATIONS

16. The United States Election Assistance Commission ("EAC")—"an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help Americans participate in the election process"—conducts a biennial Election Administration and Voting Survey ("EAVS"). EAC, *About the EAC*, http://eac.gov/about (last visited Nov. 14, 2025).

17. For the EAC's most recent report, "Election Administration and Voting Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance Commission to the 119th Congress" ("2024 EAVS Report"), States "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance." EAC, 2024 EAVS Report at 7.[1]

18. Based on a review of the 2024 EAVS Report, Assistant Attorney General Harmeet K. Dhillon, on behalf of the Attorney General, sent a letter to

---

[1] https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf (last visited Nov. 24, 2025).

5

*United States of America v. Steve Hobbs*
COMPLAINT

Secretary Hobbs on September 8, 2025, seeking information regarding Washington's compliance with federal election law.

19. The Letter requested – pursuant to Section 8(i) of the NVRA – that Washington provide a current electronic copy of its computerized statewide voter registration list ("VRL"), required under Section 303 of HAVA.

20. The Letter asked Washington to produce the requested information and records by encrypted email or via the secure file-sharing system, Justice Enterprise File Sharing (JEFS).

21. In response, on September 23, 2025, Secretary Hobbs sent a letter refusing to provide the statewide VRL, stating that Washington State law prohibits its release – even to the Attorney General – because the VRL contains private information.

22. The Attorney General's written demand was made pursuant to the CRA. *See* 52 U.S.C. § 20703. The letter expressly demanded "an electronic copy of Washington complete and current VRL" and advised that "[t]he purpose of the request is to ascertain Washington's compliance with the list maintenance requirements of the NVRA and HAVA." The Letter directed that the SVRL should contain "all fields, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number as required under the Help America Vote Act ('HAVA') to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i)." (footnote omitted).

23. The Letter explained "that HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974'" (5 U.S.C. § 552(a) note); 52 U.S.C. § 21083(c)). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in

1  carrying out the government agency's function to accomplish its enforcement
2  authority as the Attorney General is now doing.
3     24.   Letter also provided that "the information that the U.S. Justice
4  Department collects will be maintained consistent with Privacy Act protections as
5  explained on the Department's website at https://civilrights.justice.gov/privacy-
6  policy#:~:text=Our%20Statutes-
7  ,Privacy%20Act%20Statement,the%20scope%20of%20our%20jurisdiction.    The
8  full list of routine uses for this collection of information can be found in the System
9  of Records Notice ("SORN") titled, JUSTICE/CRT – 001, "Central Civil Rights
10 Division Index File and Associated Records", 68 Fed. Reg. 47610-01, 611 (Aug. 11,
11 2003); 70 Fed. Reg. 43904-01 (July 29, 2005); and 82 Fed. Reg. 24147-01 (May 25,
12 2017). It should be noted that the statutes cited for routine use include NVRA,
13 HAVA, and the CRA. The records in the SORN are kept under the authority of 44
14 U.S.C. § 3101 and in the ordinary course of fulfilling the responsibility assigned to
15 the Civil Rights Division under the provisions of 28 C.F.R. §§ 0.50, 0.51.ON."
16    25.   On September 23, 2025, Secretary Hobbs refused the Attorney
17 General's written demand.

## COUNT ONE

**VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703**

20    26.   On September 8, 2025, the Assistant Attorney General on behalf of the
21 Attorney General sent a written demand to Secretary Hobbs for the production of
22 specific election records, as authorized by the CRA, 52 U.S.C. § 20703.
23    27.   The written demand "contain[ed] a statement of the basis and the
24 purpose therefor." 52 U.S.C. § 20703.
25    28.   Secretary Hobbs refused to provide the records requested as described
26 in his September 23, 2025, letter.
27 Wherefore, the United States respectfully requests this Court:

7

*United States of America v. Steve Hobbs*
COMPLAINT

A. Declare that Defendants' refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Defendants to provide to the United States the current electronic copy of Washington's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, or the last four digits of their Social Security number as required by 52 U.S.C. § 21083; and awards such additional relief as the interests of justice may require

| | | |
|---|---|---|
| Dated: December 2, 2025 | | Respectfully submitted, |

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division


*Maureen Riordan*
MAUREEN S. RIORDAN
Acting Chief, Voting Section
Civil Rights Division
ERIC NEFF
Trial Attorneys, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street, Room 8.141
Washington, D.C. 20002
Eric.Neff@usdoj.gov
Attorneys for the United States

9

*United States of America v. Steve Hobbs*
COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Eric Neff*
Eric Neff
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.139
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Eric.Neff@usdoj.gov

10

*United States of America v. Steve Hobbs*
COMPLAINT