# Exhibit A

1  **ABHA KHANNA**
   WA Bar No. 42612
2  **TYLER L. BISHOP**
   WA Bar No. 63821
3  **WALKER McKUSICK**
   WA Bar No. 63205
4  ELIAS LAW GROUP LLP
   1700 Seventh Avenue, Suite 2100
5  Seattle, WA 98101
   akhanna@elias.law
6  tbishop@elias.law
   wmckusick@elias.law
7
   *Attorneys for Proposed Intervenor-*
8  *Defendant Common Power*

9               **UNITED STATES DISTRICT COURT**
                **WESTERN DISTRICT OF WASHINGTON**
10                        **AT SEATTLE**

11
   UNITED STATES OF AMERICA,
12
                    Plaintiff,
13                                            No. 3:25-cv-6078-SKV
           v.
14                                            COMMON POWER'S PROPOSED
                                              ANSWER TO PLAINTIFF'S
                                              COMPLAINT
15 STEVE HOBBS, in his official capacity
   as the Secretary of State of the State of
16 Washington,

17                  Defendant.

COMMON POWER'S PROPOSED ANSWER
No. 3:25-cv-06078-SKV

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

Proposed Intervenor-Defendant Common Power ("Proposed Intervenor") answers Plaintiff's Complaint (ECF No. 1), as follows:

**INTRODUCTION**[1]

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute and opinion cited contain the quoted text and states that the statute and opinion speak for themselves. Proposed Intervenor otherwise denies the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text and states that the statute speaks for itself. Proposed Intervenor otherwise denies the allegations

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinion cited contains the quoted text and states that the opinion speaks for itself. Proposed Intervenor otherwise denies the allegations

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinions cited contain the quoted text and states that the opinions speak for themselves. Proposed Intervenor otherwise denies the allegations.

---

[1] The headings included in Plaintiff's Complaint are duplicated here to aid and assist in ease of comparison between the Plaintiff's Complaint and the Proposed Intervenor's answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this answer should not be understood to connote agreement with Plaintiff's characterizations or statements in the heading or to otherwise make any admission on behalf of the Proposed Intervenor.

2

COMMON POWER'S PROPOSED ANSWER
No. 3:25-cv-06078-SKV

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this action arises under federal law and that it is brought by the United States as a Plaintiff. Proposed Intervenor otherwise denies the allegations.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Defendant Steve Hobbs resides in this district.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this case is brought by the United States as a Plaintiff.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Secretary Hobbs is a Defendant in this action and he is being sued in his official capacity.

## BACKGROUND

9. Proposed Intervenor denies the allegations in Paragraph 9.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the NVRA and HAVA impose certain obligations on states with respect to voter registration lists and that the NVRA requires states to preserve certain records. Proposed Intervenor otherwise denies the allegations.

3

COMMON POWER'S PROPOSED ANSWER
No. 3:25-cv-06078-SKV

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

## THE NATIONAL VOTER REGISTRATION ACT

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text and that Secretary Hobbs is the chief election official of the State of Washington. Proposed Intervenor otherwise denies the allegations

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. Proposed Intervenor otherwise denies the allegations

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. Proposed Intervenor otherwise denies the allegations

## THE HELP AMERICA VOTE ACT

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. Proposed Intervenor otherwise denies the allegations.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text and that the statute otherwise speaks for itself. Proposed Intervenor otherwise denies the allegations.

4

COMMON POWER'S PROPOSED ANSWER
No. 3:25-cv-06078-SKV

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

**FACTUAL ALLEGATIONS**

16. Proposed Intervenor admits that the cited website in Paragraph 16 contains language similar to the quoted text and that the United States Election Assistance Commission conducts a biennial Election Administration and Voting Survey. The cited website otherwise speaks for itself.

17. Proposed Intervenor admits that the cited report in Paragraph 17 contains the quoted language. The report otherwise speaks for itself.

18. Proposed Intervenor admits that the Assistant Attorney General for Civil Rights sent a letter to Secretary Hobbs on September 8, 2025 (the "September 8 Letter"). Proposed Intervenor denies the remaining allegations in Paragraph 18.

19. Proposed Intervenor admits that the September 8 Letter requested that Washington provide a copy of its statewide voter registration list. Proposed Intervenor denies that Washington was required to provide that list and further denies the remaining allegations in Paragraph 19.

20. Proposed Intervenor admits that the September 8 Letter purported to demand Washington's records and files, including its voter registration list. Proposed Intervenor denies that Washington was required to provide this information and denies the remaining allegations in Paragraph 20.

21. Proposed Intervenor admits that, on September 23, 2025, Secretary Hobbs sent a letter (the "September 23 Letter") denying the demand to provide Washington's voter registration list. The September 24 Letter otherwise speaks for itself.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

5

COMMON POWER'S PROPOSED ANSWER
No. 3:25-cv-06078-SKV

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

Intervenor admits that the quoted text appears in the September 8 Letter except that Plaintiff omitted italics from the phrase "all fields." Proposed Intervenor otherwise denies the allegations in Paragraph 22.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the quoted text appears in the September 8 Letter. Proposed Intervenor otherwise denies the allegations in Paragraph 23.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the quoted text appears in the September 8 letter. Proposed Intervenor otherwise denies the allegations in Paragraph 24.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the September 23 Letter was sent and that in the letter, Secretary Hobbs did not agree to provide all the requested information. The letter otherwise speaks for itself.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that a document purporting to be a demand for election records was sent to Secretary Hobbs on September 8, 2025. Proposed Intervenor otherwise denies the allegations.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations in Paragraph 27.

6

COMMON POWER'S PROPOSED ANSWER
No. 3:25-cv-06078-SKV

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Secretary Hobbs refused to provide all of the records requested but deny that Plaintiff was entitled to any of the requested records.

Immediately following Paragraph 28, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), seeking equitable and declaratory relief. Proposed Intervenor denies that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenor denies every allegation in Plaintiff's Complaint that is not expressly admitted herein

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff fails to establish entitlement to injunctive relief.

3. Plaintiff's clams are barred in whole or in part by equity, including on the bases of laches and unclean hands.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. The relief sought by Plaintiff is inconsistent with state law that is not preempted by federal law.

6. Plaintiff lacks the authority to bring the cause of action alleged in the Complaint.

7

COMMON POWER'S PROPOSED ANSWER
No. 3:25-cv-06078-SKV

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

**PROPOSED INTERVENOR'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenor prays for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenor and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenor be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: December 10, 2025

Respectfully submitted,

*/s/ Abha Khanna*
**ABHA KHANNA**
WA Bar No. 42612
**TYLER L. BISHOP**
WA Bar No. 63821
**WALKER McKUSICK**
WA Bar No. 63205
ELIAS LAW GROUP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
akhanna@elias.law
tbishop@elias.law
wmckusick@elias.law

*Counsel for Proposed Intervenor-Defendant Common Power*

8

COMMON POWER'S PROPOSED ANSWER
No. 3:25-cv-06078-SKV

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177