UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff,

   v.

STEVE HOBBS,

                Defendant.

Case No. C25-6078-SKV

ORDER TO SHOW CAUSE

The Complaint in this matter was filed on December 2, 2025. *See* Dkt. 1. As of March 10, 2026, no proof of service had been filed, and the Court ordered Plaintiff to file proof of timely service upon Defendant or to show cause as to why this matter should not be dismissed. *See* Dkt. 8. Plaintiff failed to comply, leaving the status of this case unclear and compelling further inquiry by this Court.

On March 17, 2026, Plaintiff filed proof of an *untimely* service attempt without explanation. *See* Dkt. 9. The form filed indicates that a process server "left the summons at the individual's residence or usual place of abode with Mia Doe, a person of suitable age and discretion who resides at 800 Fifth Avenue, Suite 2000, Seattle, WA 98104, on 03/13/2026 at 11:08 AM, and mailed a copy to the individual's last known address[.]" Dkt. 9. It further states

ORDER TO SHOW CAUSE - 1

that the process server "delivered the documents, Complaint; Summons; EXHIBITS, to an individual who refused to give their name who identified themselves as the designee authorized to accept service. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 25-35 years of age, 5'4"-5'6" tall and weighing 80-120 lbs." *Id.*

Within hours of that filing, counsel for Defendant appeared and filed a notice informing the Court that: (1) "800 Fifth Avenue is the address of the Washington Attorney General's Seattle Office; it is not the residence or usual place of abode of Secretary Hobbs[;]" (2) the form "does not indicate that the person with whom the complaint and summons was left was authorized to accept service on behalf of Secretary Hobbs[;]" (3) "Plaintiff also sought to electronically serve Secretary Hobbs on Thursday March 12, 2026, for which counsel for Secretary Hobbs responded by providing a waiver of service under Federal Rule of Civil Procedure 4(d)[]" the following day; and (4) "[o]n March 17, 2026, wholly different counsel sought to electronically serve Secretary Hobbs without acknowledging the Secretary's waiver or copying counsel for Secretary Hobbs on that communication."[1] Dkt. 14 at 2. In that March 17 email, an Assistant United States Attorney who has not appeared in this action indicates that Plaintiff "require[s] an Acknowledgement of Service and cannot accept a Waiver." *Id.* at 6. Defendant does not indicate whether he responded to Plaintiffs' March 17 email.

It is now clear that Plaintiff did *not* timely serve Defendant. It remains unclear whether service of process on Defendant has actually been effected and how. As of yesterday, Plaintiff apparently continued to attempt service while disregarding Defendant's waiver and representing

---

[1] The Court notes that "Mia Doe" likely does not reside at the Washington Attorney General's Seattle Office either.

ORDER TO SHOW CAUSE - 2

to the Court that it had already served him on March 13.  If service has been effected, it is not clear which attempt, on which date, governs.

In view of the foregoing, the Court ORDERS Plaintiff to SHOW CAUSE by March 23, 2026, as to why:

1) Plaintiff failed to comply with this Court's March 10 Order to Show Cause instructing it to file proof of *timely* service or to show cause as to why this matter should not be dismissed; and

2) Plaintiff failed to seek an extension of time to serve Defendant supported by a showing of good cause, if any.  *See* Fed. R. Civ. P. 4(m).

Plaintiff is FURTHER ORDERED to:

3) clarify on what date it claims to have served Defendant, and through what means; and

4) if service on Defendant was by any other means than that referenced at Docket No. 9, explain why it made an inaccurate representation to this Court.

Dated this 18th day of March, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3