The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

STEVE HOBBS,

                    Defendant.

Case No. 3:25-cv-06078-SKV

UNITED STATES' RESPONSE TO
ORDER TO SHOW CAUSE

## INTRODUCTION

The United States respectfully requests that the Court exercise its discretion and not dismiss the Complaint even though service was effectuated outside the 90-day period of Fed. R. Civ. P. 4. The United States was unable to effectuate service on Defendant within 90 days after filing the Complaint primarily due to out-of-state counsel's unfamiliarity with the State of Washington's procedures for effectuating service on State officials. The United States acknowledges that it should have filed a motion for extension of time from this Court and requested additional time to serve Defendant. Counsel apologizes to the Court for not having sought a timely extension. *See* Declaration of Eric Neff.

UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE
[3:25-cv-06078-SKV] - 1

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Following the Court's March 10, 2026 Order to Show Cause, out-of-state counsel asked for assistance from attorneys in the U.S. Attorney's Office for the Western District of Washington to effectuate service. Due to an unfortunate miscommunication, this resulted in a total of three attempts at service; two via the Attorney General's email service box and one by personal service at the Office of the Attorney General, two of which were unnecessary. Dkt. 14. Defendant accepted service on March 13, 2026, by executing a waiver of service, making his response to the Complaint due on May 12, 2026. *Id.* By executing the waiver of service, Defendant waived any objections to the absence of a summons or "of service." Dkt. 14, pg. 5. He has also appeared in the case through counsel and has not objected to service. Dkts. 10-14. Thus, Defendant has notice of the case, has executed a waiver of service, has a reasonable time to respond, and is not prejudiced by the untimely service.

The United States apologizes to the Court for failing to acknowledge that service was not effectuated within the 90-day timeframe in response to the Court's Order to Show Cause. Counsel mistakenly interpreted the Court's March 10, 2026 Order to Show Cause as allowing the United States until March 17, 2026, to effectuate service. *See* Declaration of Eric Neff. Counsel apologizes to the Court and did not mean to mislead the Court or imply that service was completed within the 90-day timeframe. The service on March 13, 2026, was admittedly untimely and without good cause.

The United States respectfully requests that the Court exercise its discretion and allow the Complaint to proceed despite the untimely service where as here Defendant has accepted service, executed a waiver of service, has appeared in the action, has not contested service, has a reasonable time to respond to the Complaint, and is not prejudiced.  Moreover, this result would be consistent

UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE
[3:25-cv-06078-SKV] - 2

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

with the preference of federal courts to decide cases on the merits rather than on procedural technicalities.

**ARGUMENT**

The Court should not dismiss the Complaint. Normally, a plaintiff has 90 days to serve a defendant. Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), if a complaint is not served within 90 days of its filing, the court "must" dismiss the complaint "without prejudice" or "order that service be made within a specified time." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Here, the Court did not order that service be made within a specified time. And, the service on March 13, 2026, was admittedly untimely and without good cause.  Nevertheless, the United States respectfully requests that the Court not dismiss the Complaint where, as here, Defendant has accepted service, executed a waiver of service, has appeared in the action, has not contested service, has a reasonable time to respond to the Complaint, and is not prejudiced—all of which is consistent with the preference of federal courts to decide cases on the merits rather than on procedural technicalities.

To be sure, Rule 4(m) provides that courts "must" dismiss untimely served complaints without prejudice.  But failure to consider other factors weighing against dismissal can also be abuse of discretion. *See Lepone-Dempsey v. Carroll Cnty. Cm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007) (reversing for failure to weigh statute of limitations). A valid and knowing waiver would qualify as a factor the court would similarly be required to consider.

At any rate, dismissal is not appropriate under controlling Ninth Circuit precedent. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).  In *Borzeka*, the plaintiff failed to personally serve the complaint on the United States Attorney pursuant to Rule 4.  The court rejected an argument

UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE
[3:25-cv-06078-SKV] - 3

that "dismissal of the complaint is always required" when Rule 4's "personal service requirement has not been" met. That's because dismissal is not warranted where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

All of these factors weigh against dismissal. According to social media posts and media quotes, Defendant had actual notice of this action. *See* Declaration of Eric Neff. By waiving service, Defendant disclaimed any prejudice arising from defects in service. Where the defect is "technical," and the Plaintiff not the Defendant would face prejudice from dismissal, then granting additional time to serve is a proper exercise of judicial discretion. *See Clark v. Wash. State Dep't of Health,* 735 F. Supp. 3d 1334, 1349 (W.D. Wash. 2024). In this case, the United States would face real prejudice if the Complaint were dismissed, based on the need to refile a nearly identical case based largely on statutory interpretation. Both parties have an interest in the case being orderly adjudicated under thorough briefing. Such briefing will be evolving as precedent continues to emerge, including at the Ninth Circuit. *See United States v. Weber*, Case No. 2:25-cv-09149-DOC-ADS, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026), *appeal docketed* No. 26-1232 (9th Cir. Feb. 25, 2026).

Importantly, Defendant has actual notice of this action and following execution of the waiver of service has sixty days to respond to the Complaint. Dkt. 14, Fed. R. Civ. P. 4(i). He accepted service via the Attorney General's email box, returned a waiver of service under Fed. R. Civ. P. 4(i), four attorneys have entered notices of appearance on his behalf, and they did not appear specially or indicate that Defendant was contesting service. Dkts. 10-14. Defendant also

UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE
[3:25-cv-06078-SKV] - 4

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

filed a Notice acknowledging that he had issued a waiver of service and did not object to service. Dkt. 14. Defendant's response is due May 12, 2026, and he has a reasonable time to respond.

There is a justifiable excuse for the failure to timely serve Defendant in the 90-day period. The United States instituted multiple related actions across the country and is coordinating these actions out of the Department of Justice's Civil Rights Division, Voting Section. Litigating in multiple jurisdictions presents unique challenges to navigate each District's local rules and varying service requirements in each state. The Department experienced difficulties effectuating service in this District. *See* Declaration of Eric Neff. The Department, however, has engaged the U.S. Attorney's Office in this District to act as local counsel in this matter to take advantage of its greater familiarity with the unique requirements of litigation in the District.

The United States would be prejudiced if the Court were to dismiss the complaint under Fed. R. Civ. P. 4(m), because it would be forced to refile the action and proceed at additional delay, which is unnecessary now that Defendant has waived service, is aware of this action, and has a reasonable time to respond. Moreover, dismissal would be inconsistent with the general preference of federal courts that cases be decided on their merits whenever reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

## CONCLUSION

Defendant accepted email service on March 13, 2026, issued a waiver of service indicating he would not object to service, has appeared through counsel in this matter, has not contested service, and has a reasonable time to respond. Under these circumstances, the United States respectfully requests that the Court not dismiss the Complaint. Counsel apologizes to the Court for not seeking a timely extension of the 90-day period and for not acknowledging that service was

UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE
[3:25-cv-06078-SKV] - 5

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

untimely or providing the Court with an explanation. The United States has obtained assistance in this District and will be diligent in adhering to the Court's Orders and Local Rules.

DATED this 23rd day of March, 2026.

Respectfully submitted,


/s Eric V. Neff
ERIC V. NEFF, CA No. 289367
Acting Chief, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street
Washington, D.C. 20002
Eric.Neff@usdoj.gov
Tel. (202) 353-5318

*Counsel for the United States of America*


s/ Kristin B. Johnson
KRISTIN B. JOHNSON, WSBA No. 28189
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone No. (206) 553-7970
Fax No. (206) 553-4073
Email: kristin.b.johnson@usdoj.gov

*Local Counsel for the United States of America*

UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE
[3:25-cv-06078-SKV] - 6

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970