UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>STEVE HOBBS,<br><br>Defendant(s). | CASE NO. C25-6078-KKE<br><br>ORDER LIFTING ORDERS TO SHOW CAUSE |

The Court previously ordered Plaintiff to show cause why this matter should not be dismissed for failure to timely serve. Dkt. No. 8. After Plaintiff failed to timely respond to that order, the Court issued another order to show cause, requesting additional information regarding service. Dkt. No. 16.

Plaintiff filed a timely response to the second order to show cause, acknowledging that service of process was untimely. Dkt. No. 18. Plaintiff nonetheless contends that the Court should exercise its discretion to allow the case to proceed because Defendant accepted email service of process on March 13, 2026; issued a waiver of service indicating that he did not object to service; has since appeared through counsel in this matter; will have adequate time to respond to the complaint; and has not contested service. *Id*. Plaintiff also explained that its failure to comply with the first order to show cause and Federal Rule of Civil Procedure 4(m) was caused by lack of

ORDER LIFTING ORDERS TO SHOW CAUSE - 1

familiarity with this state's service rules and a mistaken reading of the Court's first order to show cause. *Id.*

The Court is satisfied that under these circumstances, this case should not be dismissed despite untimely service. The Court prefers to resolve cases on their merits and Defendant's conduct—accepting email service, waiving service without objecting, and appearing in this action through counsel—is consistent with that approach. Although Plaintiff suggests that its failure to timely serve Defendant is justifiable because it has instituted multiple related actions across the country and is coordinating them via the Department of Justice's Civil Rights Division (Dkt. No. 18 at 5), Plaintiff should have considered the "unique requirements of litigation" in this district *before* instituting this case, rather than *after* it missed deadlines. In any event, the Court trusts that Plaintiff will abide by its promise to be diligent in adhering to the Local Rules and Court orders in the future. *Id.* at 6.

For these reasons, the Court LIFTS the orders to show cause (Dkt. Nos. 8, 16). And because Plaintiff has now filed proof of service on Defendant, the motion to intervene previously stricken may be re-filed. *See* Dkt. Nos. 6, 7.

Dated this 26th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER LIFTING ORDERS TO SHOW CAUSE - 2