The Honorable Kymberly K. Evanson

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>STEVE HOBBS, in his official capacity as the Secretary of State of the State of Washington,<br><br>*Defendant*. | Case No. 3:25-cv-06078-KKE<br><br>PROPOSED INTERVENOR-DEFENDANTS COMMON CAUSE AND WASHINGTON CONSERVATION ACTION EDUCATION FUND'S MOTION TO INTERVENE<br><br>NOTE ON MOTION CALENDAR: April 20, 2026 |

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................2

    I.     Background and Procedural Posture........................................................................2

         A.  Factual Background ...........................................................................................2

         B.  Legal Background ..............................................................................................3

    II.    Proposed Intervenor-Defendants ..........................................................................6

         A.  Common Cause..................................................................................................6

         B.  Washington Conservation Action Education Fund ............................................6

LEGAL STANDARD .............................................................................................................7

ARGUMENT ..........................................................................................................................8

    I.     Proposed Intervenor-Defendants are entitled to intervene under Rule 24(a)(2)............8

         A.  The motion is timely .........................................................................................8

         B.  Proposed Intervenor-Defendants have significantly protectable interests related to this litigation .................................................................................................9

         C.  The litigation will impact Proposed Intervenor-Defendants' interests ..................11

         D.  Proposed Intervenor-Defendants' interests are not adequately represented by the current parties......................................................................................................12

    II.    Proposed Intervenor-Defendants should be permitted to intervene under Rule 24(b) ........................................................................................................14

CONCLUSION.......................................................................................................................15

Motion To Intervene
3:25-cv-06078-KKE

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

i

**INTRODUCTION**

Plaintiff the United States is engaged in an unprecedented effort to collect voters' sensitive data. Washington is one of 29 states, plus the District of Columbia, that Plaintiff has sued for protecting their citizens' private information from the federal government's baseless demands for unredacted voter rolls.[1] Plaintiff cites the National Voter Registration Act (NVRA), the Help America Vote Act (HAVA), and Title III of the Civil Rights Act of 1960 (CRA) in support of its demand, but its sole claim is under the CRA. The CRA does not authorize Plaintiff to compel Washington to produce its unredacted voter file. The Attorney General did not satisfy the CRA's requirement to provide the basis and the purpose of her request, instead relying entirely on a purported desire to ensure Washington's compliance with the NVRA and HAVA. The Department of Justice (DOJ) is not investigating potential violations of these laws. Rather, these lawsuits represent an extraordinary effort to collect state voter data without adhering to protections for voters' privacy or respect for states' constitutional primacy in election administration.

Proposed Intervenor-Defendants Common Cause and Washington Conservation Action Education Fund (WCAEF) are nonprofit, nonpartisan, advocacy organizations with members in Washington. Both groups work to engage voters and represent thousands of members across Washington whose personal information may be unlawfully shared with the federal government, depending on the outcome of this litigation. Because Common Cause and WCAEF's interests are directly impacted by this litigation, they have a right to intervene pursuant to Federal Rule of Civil

---

[1] Kaylie Martinez-Ochoa, Eileen O'Connor, and Patrick Berry, *Tracker of Justice Department Requests for Voter Information*, Brennan Ctr. for Just. (Aug. 28, 2025) (last updated Mar. 25, 2026), https://www.brennancenter.org/our-work/research-reports/tracker-justice-department-requests-voter-information.

MOTION TO INTERVENE
3:25-cv-06078-KKE

1

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

Procedure 24(a)(2). In the alternative, Proposed Intervenor-Defendants seek permissive intervention under Rule 24(b)(1).

**BACKGROUND**

**I.      Background and Procedural Posture**

This case, like others across the country, is about the federal government's attempt to amass sensitive data on millions of Americans to build a national voter registration database to exert political control over elections.

**A.      Factual Background**

In the summer and fall of 2025, Plaintiff sent letters to state election officials demanding production of their statewide voter registration lists, including sensitive information that is not part of the public voter file.[2] DOJ wrote to Secretary Hobbs on September 8, 2025, demanding an electronic copy of Washington's voter registration list containing "all fields, which includes [each] registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number." ECF No. 1 ¶¶ 18-20. The letter invoked the CRA, the NVRA, and HAVA. *Id.* ¶ 19. On September 23, 2025, Secretary Hobbs declined to provide the non-public statewide voter registration list because it contains confidential voter information. *Id*. ¶ 21.

**B.      Legal Background**

Plaintiff filed suit on December 2, 2025, alleging only that Defendant has violated the CRA. ECF No. 1. Plaintiff failed to timely serve Defendant with the Complaint, but the Court concluded

---

[2] *See* Devlin Barrett & Nick Corasaniti, *Trump Administration Quietly Seeks to Build National Voter Roll*, N.Y. Times, (Sep. 9, 2025), https://www.nytimes.com/2025/09/09/us/politics/trump-voter-registration-data.html.

MOTION TO INTERVENE
3:25-cv-06078-KKE

2

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

that the case should not be dismissed despite untimely service. ECF No. 22. In its initial filing, Plaintiff attached a proposed motion seeking to compel Washington to provide its full voter registration list under the same statute, although its motion was procedurally defective. ECF No. 1-3.

The CRA permits the Attorney General to demand access to voter records only in writing with "a statement of the basis and the purpose therefor." 52 U.S.C. § 20703. DOJ's letter to Washington and its Complaint do not satisfy the "basis" or "purpose" requirements for the demand for highly sensitive voter data.

DOJ claims no basis for its request and vaguely argues that it requires access to this data "to ascertain Washington's compliance with the list maintenance requirements of the NVRA and HAVA." ECF No. 1 ¶ 22. The NVRA and HAVA charge states—not the federal government—with maintaining voter registration lists and removing ineligible voters from the rolls. *See* 52 U.S.C. §§ 20507(a), 21083(a)(1)-(2); H.R. Rep. No. 107-329, pt. 1, at 31-32 (2001) (emphasizing the importance of administering elections at the state and local level); *Husted v. A. Philip Randolph Inst.*, 584 U.S. 756, 761 (2018). Neither the NVRA nor HAVA makes the federal government responsible for compiling a national voter registration list or performing list maintenance. *Id.* Moreover, a snapshot of a voter registration list does not offer enough information for DOJ to assess a general program of list maintenance. As such, DOJ's purported reasons for seeking sensitive data about millions of Washington voters fall short of the CRA's requirements.

Plaintiff's plans for this sensitive data appear nowhere in the Complaint, but have emerged from other sources, including a Memorandum of Understanding (MOU) DOJ signed with at least

MOTION TO INTERVENE
3:25-cv-06078-KKE

3

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

two states.[3] This MOU describes DOJ's attempted takeover of states' exclusive authority to maintain their voter rolls, explaining that DOJ will conduct an "analysis and assessment" of voter rolls and instruct the state to remove voters DOJ identifies.[4]

DOJ's public statements confirm its goal is not to review list maintenance procedures, but to expand federal control over elections and target voters for removal. A recent press release stated: "At this Department of Justice, we will not permit states to jeopardize the integrity and effectiveness of elections by refusing to abide by our federal elections laws. If states will not fulfill their duty to protect the integrity of the ballot, we will."[5] This federal takeover of list maintenance would run contrary to constitutional and statutory frameworks for elections, which provide that state and local governments run elections, including registering voters and maintaining voter rolls.[6]According to one DOJ lawyer, Civil Rights Division leadership demanded that DOJ obtain "states' voter rolls, by suing them if necessary" to "go through all the data and compare it to the Department of Homeland Security data and Social Security data" and search for "immigrants that have registered

[3] *See* "Confidential Memorandum of Understanding" executed with Texas (Dec. 9, 2025), https://www.brennancenter.org/media/15082/download/texas_12.09.2025_executed-mou.pdf?inline=1; "Confidential Memorandum of Understanding" executed with Alaska (Dec. 22, 2025), https://www.brennancenter.org/media/15064/download/alaska_12.22.2025_executed-mou.pdf?inline=1. DOJ has apparently asked other states to sign the same MOU. *See* Proposed "Confidential Memorandum of Understanding" sent to Colorado, https://www.documentcloud.org/documents/26330926-vrldata-sharing-agreement-doj-co/; *see also* Jonathan Shorman, *Trumps's DOJ Offers States Confidential Deal to Remove Voters Flagged by Feds*, Stateline (Dec. 18, 2025), https://stateline.org/2025/12/18/trumps-doj-offers-states-confidential-deal-to-wipe-voters-flagged-by-feds-as-ineligible/.

[4] The MOU provides that removals must take place within 45 days of notification from DOJ, which would violate Section 8(d) of the NVRA, 52 U.S.C. § 20507(d), for any voters flagged for removal based on a change in residence.

[5] Press Release, U.S. Dep't of Just., Justice Department Sues Four Additional States and One Locality for Failure to Comply with Federal Elections Laws (Dec. 12, 2025), https://perma.cc/2R3L-YZ5X.

[6] Further, the proposed MOU does not limit DOJ's ability to use states' data and expressly permits DOJ to provide the data to contractors. *Id.* at 6-7.

MOTION TO INTERVENE
3:25-cv-06078-KKE

4

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

to vote" even though "[t]here was no pre-existing evidence" that unlawful immigrant voting is a problem.[7] Emily Bazelon & Rachel Poser, *The Unraveling of the Justice Department*, N.Y. Times Mag. (Nov. 16, 2025), https://perma.cc/3FVP-LABM. And the Department of Homeland Security confirmed that it is using information received from DOJ "to scrub aliens from voter rolls." Jonathan Shorman, *DOJ is sharing state voter roll lists with Homeland Security*, Colorado Newsline (Sep. 15, 2025), https://coloradonewsline.com/2025/09/15/repub/doj-voter-roll-homeland-security/. DOJ is executing this plan, despite reports that these efforts have resulted in erroneous voter removals. Jude Joffe-Block, *Trump's SAVE tool is looking for noncitizen voters. But it's flagging U.S. citizens too*, NPR (Dec. 10, 2025), https://perma.cc/7DDE-T9ZV.

Plaintiff's efforts in this case, and similar cases, are part of a larger program to gather and use vast swaths of data, notwithstanding laws to the contrary. *See Ctr. for Taxpayer Rts. v. Internal Revenue Serv.*, No. 1:25-cv-00457-CKK, 2025 WL 3251044, at *2 (D.D.C. Nov. 21, 2025) (staying IRS policy of data-sharing with Immigration and Customs Enforcement); *see also* Hamed Aleaziz, *Immigration Agents Are Using Air Passenger Data for Deportation Effort*, N.Y. Times (Dec. 12, 2025), https://www.nytimes.com/2025/12/12/us/politics/immigration-tsa-passenger-data.html.

---

[7] To the extent that DOJ is not engaging in an investigation and is instead engaging in data collection for any other purpose, DOJ must comply with the Paperwork Reduction Act, *see* 44 U.S.C. §§ 3506(c), 3507(a), and the Privacy Act, *see* 5 U.S.C. § 552a.

Motion To Intervene
3:25-cv-06078-KKE
5
Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

## II.    Proposed Intervenor-Defendants

### A.    Common Cause

Proposed Intervenor-Defendant Common Cause is a nonpartisan organization committed to ensuring that all eligible voters, including their Washington members and other Washingtonians, register to vote and exercise their right to vote. *See* Ex. A, Decl. of Suzanne Almeida (Almeida Decl.) ¶¶ 4, 6-11; *see also* Ex. B, Decl. of Barbara Ewing (Ewing Decl.) ¶ 13. Common Cause expends significant resources conducting on-the-ground voter engagement and assistance efforts. *See* Almeida Decl. ¶¶ 9, 11. The success of these efforts depend on voters' trust that, when they provide personal information to the State, that information will not be abused. *See* Almeida Decl. ¶ 9. Common Cause also has over 32,000 members and supporters in Washington, including Washington voters whose personal data will be provided to the federal government if Plaintiff prevails in this lawsuit. *See* Almeida Decl. ¶ 6; Ewing Decl. ¶¶ 12, 13.

### B.    Washington Conservation Action Education Fund

Washington Conservation Action Education Fund (WCAEF) is a nonpartisan, grassroots membership organization that advocates for environmental justice and a strong democracy in Washington. *See* Ex. C, Decl. of Christina Wong (Wong Decl.) ¶ 3. As part of WCAEF's democracy mission, the organization believes that when more people participate in democracy, Washington has more hope for a healthier environment and communities. Wong Decl. ¶ 3. WCAEF's mission is to motivate voters because WCAEF believes that civic participation is critical for advancing environmental protection, the health of communities statewide, and a thriving economy. Wong Decl. ¶ 3. WCAEF and its members pursue the shared goal of expanding political participation in Washington by conducting voter registration drives and voter engagement efforts.

MOTION TO INTERVENE
3:25-cv-06078-KKE

6

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

Wong Decl. ¶ 5. WCAEF has around 3,500 members throughout Washington. Wong Decl. ¶ 8. The vast majority of these members are politically active and registered to vote. Wong Decl. ¶¶ 8, 9.

**LEGAL STANDARD**

A nonparty is entitled to intervene in an action as a matter of right when: (1) the motion to intervene is timely filed; (2) the proposed intervenors have "an interest relating to" the subject matter of the action; (3) the proposed intervenors are "so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [that] interest"; and (4) the proposed intervenors' interests are inadequately represented by the existing parties to the suit. Fed. R. Civ. P. 24(a)(2); *see also Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 190 (2022).

"Rule 24(a) is construed broadly, in favor of the applicants for intervention." *Scotts Valley Band of Pomo Indians of the Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926 (9th Cir. 1990). A court must allow any party to intervene who meets the four criteria set forth by the Federal Rules. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

Even if a nonparty cannot intervene as a matter of right, the court may permit intervention when the movant has "a claim or defense that shares with the main action a common question of law or fact," and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.-N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999).

In considering motions to intervene, courts "take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

MOTION TO INTERVENE
3:25-cv-06078-KKE

7

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

## ARGUMENT

**I.        Proposed Intervenor-Defendants are entitled to intervene under Rule 24(a)(2).**

Proposed Intervenor-Defendants are entitled to intervene in this litigation because their motion is timely; the organizations and their members have significant interests in the case; those interests will be impacted by the outcome; and no existing party adequately represents those interests. The Court should grant the motion to intervene, just as federal courts have granted motions to intervene in parallel cases. *See United States v. DeMarinis*, No. 1:25-cv-03934-SAG (D. Md. Feb. 2, 2026), ECF No. 38; *United States v. Raffensperger*, No. 1:26-cv-00485-ELR (N.D. Ga. Jan. 30, 2026), ECF No. 14; *United States v. Copeland-Hanzas*, No. 2:25-cv-00903-MKL (D. Vt. Jan. 20, 2026), ECF No. 42; *United States v. Oregon*, No. 6:25-cv-01666-MTK, 2025 WL 3496571 (D. Or. Dec. 5, 2025), ECF No. 52; *United States v. Weber*, No. 2:25-cv-09149-DOC-ADS (C.D. Cal. Nov. 19, 2025), ECF No. 70; *United States v. Bellows*, No. 1:25-cv-00468-LEW (D. Me. Dec. 12, 2025), ECF No. 38.

**A.        The motion is timely.**

Whether a motion to intervene is timely is within "the sound discretion of the trial court[.]" *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978). Factors courts consider include "the stage of the proceeding;" "prejudice to other parties;" and "the reason for and the length of the delay." *Id.* Proposed Intervenor-Defendants move to intervene within two business days of the Court's decision not to dismiss the Complaint despite untimely service. *See* ECF No. 22; *Equal Emp. Opportunity Comm'n v. Fed. Express Corp.*, No. C94-790C, 1995 WL 569446, at *5 (W.D. Wash. Aug. 8, 1995) (granting motion to intervene filed years into litigation at summary judgment stage despite "substantial[] delay[]"). As such, no prejudice in the form of delay will result to the existing parties if Proposed Intervenor-Defendants' motion is granted. *See Washington v. U.S.*

MOTION TO INTERVENE
3:25-cv-06078-KKE

8

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

*Dep't of Transp.*, No. 2:25-cv-00848-TL, 2025 WL 3023041, at *8 (W.D. Wash. Oct. 29, 2025) (granting motion to intervene where defendants had not answered and no dispositive motions had been filed).

### B. Proposed Intervenor-Defendants have significantly protectable interests related to this litigation.

This litigation is closely tied to Proposed Intervenor-Defendants' organizational interests and those of their members. Under Rule 24(a)(2), "a prospective intervenor 'has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). "Rule 24(a)(2) does not require a specific legal or equitable interest," and "it is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id.* (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). In a parallel case, the court recognized that the "protectable privacy interests" of voters whose information is threatened with disclosure meets this prong of Rule 24(a)(2). *Oregon*, 2025 WL 3496571, at *1.

Proposed Intervenor-Defendants have directly related organizational interests. Both organizations have a long-standing interest in civic participation and in the appropriate and lawful handling of election information because they encourage eligible Washington residents to register to vote and participate in elections. Almeida Decl. ¶¶ 3-6; Wong Decl. ¶¶ 4-9. Proposed Intervenor-Defendants are concerned that their efforts to encourage civic participation will be frustrated if Washingtonians' sensitive private information is disclosed. Almeida Decl. ¶¶ 11-13; Wong Decl. ¶¶ 11-12. They are concerned that Washington residents will be more hesitant to engage in the

MOTION TO INTERVENE
3:25-cv-06078-KKE

9

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

political process for fear that their data will be misused for retaliation or harassment, and Plaintiff's aggressive demands for voters' data and lack of legitimate explanations for its proposed use amplify these fears. Almeida Decl. ¶¶ 11-13; Wong Decl. ¶¶ 11, 12.

Proposed Intervenor-Defendants' members also have interests that are directly related to the litigation, substantial, and legally protectable. *See Oregon*, 2025 WL 3496571, at *1. Their members include registered Washington voters who risk having their sensitive personal data disclosed to Plaintiff. Almeida Decl. ¶ 6; Ewing Decl. ¶¶ 11-13; Wong Decl. ¶¶ 8, 12. Members were required to submit this sensitive personal data to Washington to exercise their right to vote. Almeida Decl. ¶ 6; Ewing Decl. ¶¶ 11-13; Wong Decl. ¶¶ 8, 12. Members have a privacy interest in preventing the disclosure of their sensitive personal data, which is protected by Washington law. *See* RCW 29A.08.710 & .720. Further, Proposed Intervenor-Defendants' members are deeply committed to civic engagement, and they fear Washingtonians will be less likely to register to vote if their data is shared. *See* Almeida Decl. ¶ 6; Ewing Decl. ¶¶ 11-13; Wong Decl. ¶¶ 8-12. As such, these members' interests are directly related to this litigation, which implicates the proper use of their data, Washingtonians' willingness and ability to register to vote, and the federal government's justification for seeking this data.

### C. The litigation will impact Proposed Intervenor-Defendants' interests.

This litigation directly impacts Proposed Intervenor-Defendants' organizational interests and the interests of their members. Once a court finds that an intervenor has a significantly protectable interest, the court should have "little difficulty concluding that the disposition of the

case may, as a practical matter, affect it." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (citation omitted).

The disposition of this litigation will impact Proposed Intervenor-Defendants' ability to protect their interests and those of their members. In Plaintiff's lawsuit seeking Oregon's unredacted voter rolls, the Court granted intervention under Rule 24(a)(2) to a nonprofit organization and voters because "the outcome of this litigation [would] directly affect the protectable privacy interests" they asserted. *Oregon*, 2025 WL 3496571, at *1. So too here. Plaintiff seeks virtually unlimited access to Washingtonians' voter data. If Plaintiff can use this Court to compel Washington to deliver this level of access, Proposed Intervenor-Defendants' interest in civic participation will be impaired because citizens will be less likely to register to vote for fear that their data will be released or used inappropriately beyond applicable federal- and state-law protections. Almeida Decl. ¶ 6; Ewing Decl. ¶¶ 11-13; Wong Decl. ¶¶ 8-9, 12; RCW 29A.08.710 & .720.

This litigation will also impact Proposed Intervenor-Defendants' members' ability to protect their interests. Plaintiff seeks access to these members' unredacted personal information, which they provided with the expectation that their privacy would be protected. Almeida Decl. ¶ 6; Ewing Decl. ¶ 4; Wong Decl. ¶ 9. Plaintiff's access to the data will violate that privacy and stoke fear among members about how Plaintiff will use the data. Almeida Decl. ¶¶ 6, 11-13; Ewing Decl. ¶ 4; Wong Decl. ¶¶ 11-12.

### D. Proposed Intervenor-Defendants' interests are not adequately represented by the current parties.

Proposed Intervenor-Defendants' interests are not adequately represented by any existing party in this litigation. The burden of showing that an intervenor's interests are not adequately

MOTION TO INTERVENE
3:25-cv-06078-KKE

11

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

represented is generally "treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). If an intervenor has the same ultimate goal as an existing party, a rebuttable presumption of adequate representation arises, but "the government's representation of the public interest may not be identical to the individual parochial interest of a particular group just because 'both entities occupy the same posture in the litigation.'" *Citizens for Balanced Use*, 647 F.3d at 899 (citation modified). And the presumption applies only in a limited class of cases, including "where a movant's interests are identical to those of an existing party." *Berger*, 597 U.S. at 196. Intervention is appropriate when the intervenor and the government "have distinct interests and objectives," even if their ultimate goal in the litigation is the same. *Citizens for Balanced Use*, 647 F.3d at 899.

Defendant does not adequately represent Proposed Intervenor-Defendants' interests. The Oregon and California district courts confirmed that state elections officials, like Defendant, do not adequately represent voters' and pro-democracy groups' interests and permitted private organizations representing voters to intervene alongside government defendants. *See Oregon*, 2025 WL 3496571, at *2 (granting intervention); Minute Order, *Weber*, No. 2:25-cv-09149-DOC-ADS (C.D. Cal. Nov. 19, 2025), ECF No. 70 (granting intervention). Defendant has not yet responded, so it is not yet known whether he and Proposed Intervenor-Defendants share the same ultimate objective. Even assuming that they do, Defendant does not have the same incentives to raise factual and legal arguments necessary for Proposed Intervenor-Defendants' adequate representation for two reasons.

*First*, Proposed Intervenor-Defendants are organizations comprised of individual members whose sensitive data could be turned over to Plaintiff without consent because of this litigation. Therefore, Proposed Intervenor-Defendants and their members have a personal stake in the

MOTION TO INTERVENE
3:25-cv-06078-KKE

12

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

litigation that Defendant, and the State more generally, does not. That is sufficient to justify intervention alongside Defendant because the State's interest is qualitatively different.

*Second*, Defendant has statutorily imposed objectives and obligations that diverge from those of Proposed Intervenor-Defendants and their members. *See Berger*, 597 U.S. at 195. In this case, Defendant has an obligation to enforce HAVA and state laws governing list maintenance. And the NVRA instructs that Defendant must "balance competing objectives," including maintaining accurate voter rolls by removing ineligible voters, subject to procedural safeguards. *Bellitto v. Snipes*, 935 F.3d 1192, 1201 (11th Cir. 2019). Proposed Intervenor-Defendants do not have to strike such a balance. Proposed Intervenor-Defendants instead seek to participate in this litigation to protect Washington voters' personal data and their ability to encourage civic participation through voter registration. *See supra* Part I(B); *see also Oregon*, 2025 WL 3496571, at *2 (finding Intervenor-Defendants' interests not adequately represented). Because Proposed Intervenor-Defendants' interests are not adequately represented by the existing parties, they should be permitted to intervene as of right so that they can protect the interests of themselves and their members.[8]

---

[8] Common Power, a national constituent-based nonprofit, sought to intervene as a defendant in this matter, ECF No. 6. Although the Court terminated that motion, ECF No. 7, the Court has granted Common Power the opportunity to re-file its motion to intervene. ECF No. 22. Proposed Intervenor-Defendants respectfully submit that if Common Power moves to intervene again, and the Court finds that intervention is warranted under either Rule 24(a) or (b) for Common Power, intervention is likewise appropriate for Proposed Intervenor-Defendants. Moreover, since Common Power is not yet a party, the Court should not alter its adequacy analysis under Rule 24(a) even if Common Power's intervention is granted. Fed. R. Civ. P. 24(a) ("unless *existing parties* adequately represent that interest") (emphasis added).

MOTION TO INTERVENE
3:25-cv-06078-KKE

13

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

**II.     Proposed Intervenor-Defendants should be permitted to intervene under Rule 24(b).**

Even if the Court finds that Proposed Intervenor-Defendants do not have a right to intervene under Rule 24(a), it should nonetheless permit intervention under Rule 24(b) because Proposed Intervenor-Defendants have "a claim or defense that shares with the main action a common question of law or fact," and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). In deciding whether to grant permissive intervention, courts consider the same factors for intervention as of right and can additionally consider "the nature and extent of the intervenors' interest" and whether the presence of intervenors will "contribute to the just and equitable resolution of the issues." *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (citation omitted). In the parallel litigation in Oregon, the court found that both mandatory and permissive intervention were appropriate. 2025 WL 3496571, at *2.

Proposed Intervenor-Defendants have defenses that share common questions of law and facts with existing issues in this case. DOJ's effort to gain sensitive data regarding millions of Washington voters should not prevail in light of federal and state law. Nor will Proposed Intervenor-Defendants' participation delay or prejudice the adjudication of the existing parties' rights, as demonstrated by the fact that no party has opposed intervention and the timeliness of this motion. And Proposed Intervenor-Defendants' participation will not cause undue delay. Proposed Intervenor-Defendants will abide by any schedule or deadlines the Court establishes.

"The nature and extent of the intervenors' interests" are also significant. *Brumback*, 343 F.R.D. at 346; *see supra* Part I(B). And other parties fail to adequately represent those interests. *See supra* Part I(D). Moreover, Proposed Intervenor-Defendants will "contribute to the just and equitable resolution of the issues." *Brumback*, 343 F.R.D. at 346. Through their decades of

14

experience working to safeguard democracy, previous work concerning elections and data privacy, and connections to thousands of impacted members, Proposed Intervenor-Defendants will help develop the factual record in a way that is unlike any existing party or proposed intervenor.

## CONCLUSION

This Court should grant Proposed Intervenor-Defendants' motion to intervene under Federal Rule of Civil Procedure 24(a) or, in the alternative, should grant permissive intervention under Rule 24(b).[9]

March 30, 2026                                          Respectfully submitted,

/s/ *Amanda Beane*
Amanda Beane
Law Office of Amanda Beane
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
Tel: (206) 531-0224
amanda@amandabeanelaw.com

Brent Ferguson*
Daniel S. Lenz*
Sejal Jhaveri*
Renata O'Donnell*
Kate Hamilton*
Alexis Grady*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
bferguson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
agrady@campaignlegalcenter.org

---

[9] Should this Court determine intervention is not warranted, Proposed Intervenor-Defendants respectfully request permission to participate as nonparty *amicus curiae*.

Maura Eileen O'Connor *
Brennan Center for Justice
at NYU School of Law
777 6th St. NW, Ste. 1100
Washington, DC 20001
Tel: (202) 249-7190
oconnore@brennan.law.nyu.edu

Patrick Berry*
Andrew Garber*
Brennan Center for Justice
at NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310
Fax: (212) 463-7308
berryp@brennan.law.nyu.edu
garbera@brennan.law.nyu.edu


*Pro Hac Vice Applications Forthcoming

Counsel for Proposed Intervenor-Defendant
Common Cause and Washington Conservation
Action Education Fund

MOTION TO INTERVENE
3:25-cv-06078-KKE

16

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224