# EXHIBIT 2

WASHINGTON SECRETARY OF STATE

September 23, 2025

Harmeet K. Dhillon
Assistant Attorney General, Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530-0001

Re: Request for Complete Washington's Voter Registration List with All Fields

Dear Ms. Dhillon:

This letter responds to your September 8, 2025, letter, which requests "a copy of Washington's statewide voter registration list." As detailed below, without further explanation of the basis for your request, I cannot provide you with some of the information you have requested without violating state and federal law.

Your letter requests an electronic copy of the statewide voter registration list that "contains *all fields*," including information that Washington law prohibits me from disclosing, such as voters' full dates of birth, driver's license numbers, and the last four digits of voters' social security numbers. This request raises serious legal and privacy concerns. As the Chief Election Officer of the State, I take very seriously the responsibility to safeguard highly personal voter information protected from disclosure under both Washington and federal law. The information that you have provided is not sufficient to allow me to release voters' personal confidential information. I welcome additional clarification of your authority, as discussed below.

Washington law requires that "current lists of registered voters . . . must be made available for public inspection and copying[.]" Wash. Rev. Code § 29A.08.720(3)(a). This disclosure, however, is limited to select data fields, including the voter's name, address, political jurisdiction, gender, year of birth, voting record, date of registration, and registration number." *See* RCW 29A.08.710. Aside from these enumerated fields, "no other information from voter registration records or files is available for public inspection or copying." *Id.* As such, many of the data fields you have requested — including the registrant's full date of birth, driver's license

number, and the last four digits of their social security number — are protected from disclosure under Washington law.

None of the statutes you cite support production of such highly sensitive voter registration information. Your letter relies on Section 11 of the NVRA, but nothing in that provision requires that States provide confidential information to the Attorney General. Your letter also relies on Section 401 of HAVA, but again, nothing in that provision requires that States provide confidential information to the Attorney General. And your letter invokes the federal Civil Rights Act of 1960. But any demand for records "shall contain a statement of the basis and the purpose therefor." 52 U.S.C. § 20703. Your letter identifies DOJ's purpose as ensuring compliance with HAVA and the NVRA, but as stated above, the cited provisions of the NVRA and HAVA provide no basis to seek confidential information.

Moreover, the CRA does not authorize collection of information for purposes not authorized under the statute. While you claim in your September 8 letter that "the purpose of this request is to ascertain Washington's compliance with the list maintenance requirements of the NVRA and HAVA," I have significant concerns that this is not the real reason for your request. Public reporting indicates that DOJ intends to use these lists to attempt to create a national voter registration database, to share information with the Department of Homeland Security to assist in immigration enforcement efforts, and for other purposes not authorized by law.[1] My concerns are underscored by DOJ's evolving explanations for requesting such information, as well as public reporting that DOJ already has or imminently plans to send a virtually identical request to all states, without citing any basis to believe that any state is failing to meet its responsibilities under the NVRA or explaining why voters' highly personal information is necessary to assess any state's list-maintenance process. DOJ has also filed lawsuits against both Oregon and Maine, in which it, again, conspicuously fails to explain how this sensitive data is needed to assess states' list maintenance programs.

[1] Trump Administration Quietly Seeks to Build National Voter Roll Using State Data - The New York Times

Election law experts have noted that data on individual registrants would not be particularly useful in DOJ's claimed effort to assess states' general programs.[2] Washington is more than willing to provide you with the publicly available voter registration list that we are required to make public by law, which provides each voters' name, address, and year of birth. That should be more than sufficient information to assess Washington's list maintenance efforts.

Finally, I have significant concerns that DOJ's collection of personal information on hundreds of millions of voters may violate federal law. Under the Privacy Act of 1974, any creation of a system of records must comply with specific legal requirements to safeguard against abuse. Please explain in detail how DOJ's request complies with the Privacy Act. Specifically, please explain the following:

1) A citation to the notice published in the Federal Register with all the information required under 5 U.S.C. § 552a(e)(4) about the system of records DOJ is creating;

2) Whether DOJ has transferred or plans to transfer any state voter data collected from any State outside DOJ's Voting Rights Section, including to any other law enforcement agencies, and your basis for believing that such transfer complies with the Privacy Act;

3) Why highly sensitive information, including voters' drivers' license numbers and social security numbers, is necessary to assess Washington's general program for voter list maintenance, how precisely DOJ would use such information to assess the State's list maintenance processes, and why that evaluation cannot be accomplished with voters' names, addresses, and years of birth.

4) How the system of records DOJ is establishing complies with the prohibition in 5 U.S.C. § 552a(e)(7) on maintaining records "describing how any individual exercises rights guaranteed by the First Amendment," considering that voter registration lists include party affiliation for some states and voter participation history; and

5) What, if any, measures DOJ is taking to ensure the new system of records will be

[2] The Trump Administration Wants Your Voter Registration Data. Why? - Democracy Docket

> maintained with "such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).

As an elected state official, I have taken an oath to obey the United States Constitution. The Constitution is clear about the power to regulate elections — the power is vested in state governments, subject only to alteration by Congress. Nowhere does the Constitution give the President or the Executive Branch independent power to control how States regulate elections or to force States to surrender their voters' highly sensitive personal information. My obligation is to support and defend the Constitution of the United States and the Constitution of the State of Washington and ensure election laws are being enforced. In addition to ensuring that Washington's voter registration list complies with all applicable federal and state laws, my obligation also includes protecting Washington voters from unnecessary and illegitimate intrusions on their privacy.

In light of these concerns, I am providing a link to where you can request a copy of the publicly available voter registration list. I welcome clarification of your authority to access confidential voter information.

Regards,

Steve R Hobbs

Steve Hobbs
Washington Secretary of State