The Honorable Kymberly K. Evanson

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

STEVE HOBBS, in his official capacity as the Secretary of State of the State of Washington,

*Defendant*.

Case No. 3:25-cv-6078-KKE

PROPOSED INTERVENOR-DEFENDANTS COMMON CAUSE AND WASHINGTON CONSERVATION ACTION EDUCATION FUND'S REPLY IN SUPPORT OF MOTION TO INTERVENE

NOTE ON MOTION CALENDAR:
April 20, 2026

REPLY IN SUPPORT OF
MOTION TO INTERVENE
3:25-cv-06078-KKE

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

Common Cause and Washington Conservation Action Education Fund ("Proposed Intervenors") have interests in protecting voters that are not adequately represented, and their participation will not prejudice Plaintiff or delay this case. As such, Proposed Intervenors respectfully request that this Court grant intervention and join the twenty other courts that have permitted entities representing voters' interests to intervene in parallel litigation.

## ARGUMENT

### I.   Proposed Intervenors meet Rule 24(a)'s intervention standard.

Proposed Intervenors' members' interests and their own organizational interests related to civic participation are significantly impacted by this litigation, and they have a right to intervene. *See infra* Part II. Plaintiff misstates the intervention standard in two ways. *First*, Plaintiff confuses the significantly protectable interest standard with Article III standing. ECF No. 47 (Br.) at 3, 5-7. But should Defendant seek dismissal, Proposed Intervenors will not need to establish standing to intervene, even though Proposed Intervenors seek to vindicate different interests. *See Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1085 (9th Cir. 2022) (holding intervenor-defendant must demonstrate standing only if intervenors seek different relief from parties).

*Second*, Plaintiff argues that Proposed Intervenors lack a protectable interest because they have no duties under relevant federal statutes, but Plaintiff points to no persuasive authority to support the proposition that HAVA and the CRA limit who may intervene. Under Plaintiff's logic, private litigants could never intervene in a case requiring a government entity's involvement. But twenty federal courts, including courts in this Circuit, have granted such motions in nearly identical litigation.[1]

---

[1] *See* Motion for Intervention, *United States v. Weber*, 2:25-cv-09149 (C.D. Cal. Oct. 20, 2025), Dkt. No. 24; Order, *United States v. Thomas*, 3:26-cv-0021 (D. Conn. Jan. 13, 2026), Dkt. No. 40; Order, *United States v. Albence*, 1:25-cv-01453 (D. Del. Jan. 15, 2026), Dkt. No. 22; Minute Order, *United States v. Evans*, 1:25-cv-04403 (D.D.C. Mar. 16, 2026); Order, *United States v. Raffensperger*, 1:26-cv-00485 (N.D. Ga. Jan. 30, 2026) Dkt. Nos. 13, 14; Text Order, *United States*

REPLY IN SUPPORT OF
MOTION TO INTERVENE
3:25-cv-06078-KKE

1

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

Plaintiff tellingly omits the NVRA from its argument, although it is addressed in Plaintiff's complaint and motion to compel. ECF Nos. 1, 5. Although the NVRA also contemplates enforcement against government entities, courts frequently permit private litigants to intervene in NVRA cases. *See, e.g.*, *1789 Found. Inc. v. Fontes*, No. 24-cv-02987, 2025 WL 834919 (D. Ariz. Mar. 17, 2025). Like HAVA and the CRA, the NVRA does not create mandates for private parties and applies only to states. *See* 52 U.S.C. § 20503(a). Just as intervention is appropriate in NVRA suits, however, so too is it appropriate here. *See United States v. Oregon*, No. 6:25-cv-01666-MTK, 2025 WL 3496571, at *2 (D. Or. Dec. 5, 2025).

**II.    Proposed Intervenors have established protectable interests.**

Both Proposed Intervenors and their members have particularized and protectable interests at stake in this case. Although Plaintiff attempts to dismiss them as "speculative" and "generalized," Br. 3, 7-8, these interests are concrete, and the harms are immediate.

**A.    Proposed Intervenors have protectable interests in the confidentiality of their members' personal information and civic participation.**

Preventing the improper disclosure of sensitive personal data, including partial social security numbers and driver's license numbers, is a clear, protectable interest. *See Oregon*, 2025 WL 3496571, at *1. State and common law protects sensitive information about voters, RCW

---

*v. Matthews*, 3:25-cv-03398 (C.D. Ill. Mar. 2, 2026); Order, *United States v. Bellows*, 1:25-cv-00468 (D. Me. Dec. 12, 2025), Dkt. No. 51; Order, *United States v. DeMarinis*, 1:25-cv-3934 (D. Md. Feb. 2, 2026), Dkt. No. 38; Order, *United States v. Galvin*, 1:25-cv-13816 (D. Mass. Jan. 6, 2026), Dkt. No. 30; Order, *United States v. Benson*, 1:25-cv-1148 (W.D. Mich. Dec. 9, 2025) (*Benson* Order), Dkt. No. 46; Order, *United States v. Simon*, 0:25-cv-03761 (D. Minn. Jan. 6, 2026), Dkt. No. 90; Order, *United States v. Aguilar*, 3:25-cv-00728 (D. Nev. Mar. 20, 2026), Dkt. No. 63; Order, *United States v. Scanlan*, 1:25-cv-00371 (D.N.H. Jan. 5, 2026), Dkt. No. 23; Order, *United States v. Oliver*, 1:25-cv-01193 (D.N.M. Dec. 19, 2025), Dkt. No. 25; Order, *United States v. Oregon*, 6:25-cv-1666, 2025 WL 3496571 (D. Or. Dec. 5, 2025), Dkt. 52; Text Order, *United States v. Amore*, 1:25-cv-00639 (D.R.I. Jan. 6, 2025); Order, *United States v. Henderson*, 2:26-cv-00166 (D. Utah Mar. 23, 2026), Dkt. No. 33; Order, *United States v. Copeland Hanzas*, 2:25-cv-00903 (D. Vt. Jan. 20, 2026), Dkt. No. 42; Order, *United States v. Wis. Elections Comm'n*, 3:25-cv-1036 (W.D. Wis. Jan. 22, 2026), Dkt. No. 53; Order, *United States v. Pennsylvania*, 2:25-cv-1481 (W.D. Pa. Jan. 16, 2026), Dkt. 105.

REPLY IN SUPPORT OF
MOTION TO INTERVENE
3:25-cv-06078-KKE

2

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

29A.08.710 & .720; *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1274 (9th Cir. 2019) ("intrusion into privacy rights by itself makes a defendant subject to liability"). Proposed Intervenors' members provided their data when registering to vote with the expectation that it would be safely stored and accessed only legally. ECF No. 28-1, Almeida Decl. ¶ 6; ECF No. 28-2, Ewing Decl. ¶ 4; ECF No. 28-3, Wong Decl. ¶ 9; *see also United States v. Oregon*, No. 6:25-cv-01666-MTK, 2026 WL 318402, at *1-3 (D. Or. Feb. 5, 2026) ("*Oregon* Order") ("[T]he individual Proposed Intervenors provided declarations supporting their concerns about the disclosure of the private information contained in their voter registration history to the Federal government."). This confidentiality interest is sufficient for intervention. *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 827 (9th Cir. 2021) (intervenor had "interest in the non-disclosure of its documents" that were potentially protected by FOIA exemption, "[a]nd there is a direct, antagonistic relationship between [the proposed intervenor]'s interest in confidentiality and [plaintiffs'] interest in obtaining the documents at issue"); *Benson* Order at 4, 6 (same).

Proposed Intervenors, like the *Oregon* intervenors, also have an organizational interest in in the appropriate and lawful handling of election information. As part of their work, Proposed Intervenors spend resources on development and distribution of voter registration and education materials and encourage Washingtonians to register and to vote. Almeida Decl. ¶¶ 3-6; Wong Decl. ¶¶ 4-9. Proposed Intervenors are concerned that their missions will be frustrated if their members' sensitive information is disclosed. Almeida Decl. ¶¶ 11-13; Wong Decl. ¶¶ 11-12. This, too, is a sufficient protectable interest for purposes of intervention. *Oregon* Order, at *3.

Plaintiff cannot wish away these protectable interests by asserting that there is no risk of improper disclosure in this action because federal law prohibits sharing the data. Br. 7. This improperly assumes that Plaintiff is entitled to the information it seeks, and that it will use it appropriately. Moreover, context suggests that there is a considerable risk of improper disclosure.

REPLY IN SUPPORT OF
MOTION TO INTERVENE
3:25-cv-06078-KKE

3

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

*See infra* Part II(B). Because Proposed Intervenors have shown that they have an interest in preventing unnecessary disclosure of their members' data, they have a right to intervene.

**B.    Proposed Intervenors' interests are neither generalized nor speculative.**

Proposed Intervenors face "direct, ascertainable impacts" of having their members' personal data disclosed, misused, and unlawfully shared with others in violation of law because of this litigation, *Alaska R.R. Corp. v. Flying Crown Subdivision Addition No. 1 & Addition No. 2 Prop. Owners Ass'n*, No. 3:20-cv-00232-JMK, 2021 WL 4860757, at *2 (D. Alaska June 9, 2021), and "proposed intervenors' advocacy work would be impacted if Plaintiff[] succeed[s.]" *Riviera v. Anderson*, No. C2-0677-KKE, 2024 WL 3744245, at *1 (W.D. Wash. July 23, 2024). Proposed Intervenors' declarations describe "particularized harm that does not become 'general' merely because [Plaintiff] label[s] it as such." *Washington v. U.S. Dep't of Transp.*, No. 2:25-cv-00848-TL, 2025 WL 3023041, at *3 (W.D. Wash. Oct. 29, 2025). Those interests are specific to the organizations and their members. *Oregon* Order, at *2-3. Plaintiff's decision to seek data about *every* Washington voter does not make Proposed Intervenors' specific interests generalized.

Nor are Proposed Intervenors' concerns about Plaintiff's use of the data speculative. Br. 6-8. The Memorandum of Understanding that DOJ has signed with at least two states describes DOJ's attempted takeover of states' exclusive list-maintenance authority.[2] It provides that DOJ will conduct an "analysis and assessment" of states' voter rolls and instruct states to remove voters DOJ identifies. President Trump's March 31, 2026 Executive Order, titled "Ensuring Citizenship Verification and Integrity in Federal Elections," "prohibit[s] non-citizens from registering to vote or voting in Federal elections" and directs the creation of a "State Citizenship List" and instructing

---

[2]    *See "Confidential Memorandum of Understanding" executed with Texas*, https://www.brennancenter.org/media/15082/download/texas_12.09.2025_executed-mou.pdf?inline=1; *"Confidential Memorandum of Understanding" executed with Alaska*, https://www.brennancenter.org/media/15064/download/alaska_12.22.2025_executed-mou.pdf?inline=1 ("MOUs").

REPLY IN SUPPORT OF
MOTION TO INTERVENE
3:25-cv-06078-KKE

4

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

USPS not to deliver ballots to those not on the List.[3] This federal takeover of list maintenance would run contrary to the constitutional and the statutory safeguards that entrust states with list maintenance and prevent the federal government from unlawfully sharing data without abiding by proper procedures. 52 U.S.C. § 20507(a)(4) (requiring states to implement a general program of list maintenance); 52 U.S.C. § 21085 (empowering states to determine methods to comply with list maintenance statutes).[4] And in parallel litigation in Rhode Island, Plaintiff admitted that it planned to share this data with the Department of Homeland Security to search for non-citizens on the voter rolls, MTD Hearing Tr. at 65:1-11, *United States v. Amore*, No. 25-CV-639-MSM (D.R.I. Mar. 26, 2026). Far from speculative, Proposed Intervenors' interests are based on ongoing events.

### C. Proposed Intervenors' interests are distinct from other parties.

Defendant's interests diverge from those of Proposed Intervenors such that their interests are not adequately represented by existing parties. As Plaintiff emphasizes, the State alone bears a statutory duty to protect voters' confidential information. Br. 6-7. Proposed Intervenors, on the other hand, are focused entirely on maintaining the security of their members' information and ensuring that Washingtonians are not dissuaded from civic participation. This is a significant difference and creates "sufficient doubt about the adequacy of representation to warrant intervention." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 824 (9th Cir. 2001) (citation omitted). The *Oregon* Court came to the same conclusion in its recent decision. *Oregon*, 2025 WL 3496571, at *2 ("Proposed Intervenors have specific interests in protecting their privacy . . . and in increasing voter participation . . . that existing Defendants do not share.").

---

[3] Exec. Order No. 14399, 91 Fed. Reg. 17125 (Mar. 31, 2026).

[4] Further, the proposed MOU does not limit DOJ's ability to use states' data and expressly permits DOJ to provide the data to contractors. MOUs at 6-7; *but see* 52 U.S.C. § 20704 (allowing disclosure of records obtained through the CRA to certain other governmental entities, but not an outside contractor).

REPLY IN SUPPORT OF
MOTION TO INTERVENE                          5
3:25-cv-06078-KKE

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

Plaintiff's arguments rest on three recent cases in which it sued Arizona, North Carolina, and Hawaii. Br. 11-12.[5] The substantial weight, however, is on the other side, where twenty other courts have granted intervention. *See supra* n.1.

### III.   Proposed Intervenors are entitled to permissive intervention.

Plaintiff does not contest that Proposed Intervenors' motion was timely and that there is at least one common question of law or fact, instead rehashing its arguments regarding mandatory intervention, and further arguing that Proposed Intervenors will not contribute to the development of the case. Br. 13-14. These arguments fail, and courts in parallel cases have granted permissive intervention, including in the past several weeks. *See United States v. Adams*, No. 3:26-cv-19-GFVT, 2026 WL 1008141, at *3 (E.D. Ky. Apr. 14, 2026) (granting permissive intervention in parallel Kentucky litigation); Text Order, *United States v. Matthews*, No. 3:25-cv-03398 (C.D. Ill. Mar. 16, 2026), ECF No. 59 (granting Common Cause permissive intervention in parallel Illinois litigation).

Proposed Intervenors have protectable interests in this litigation, and their interests are not adequately represented. *See supra* Part II(A), (C). Proposed Intervenors will assist in the full factual development of this litigation because they represent the interest of thousands of Washingtonians whose interests are currently not represented in the litigation and who can meaningfully contribute to the impact of this litigation in a way that no other party can. And Plaintiff does not argue it will be prejudiced. As such, permissive intervention is appropriate. *See 1789 Found. Inc. v. Fontes*, No. CV-24-2987-PHX-SPL, 2025 WL 834919, at *4 (D. Ariz. Mar. 17, 2025) ("Plaintiffs have not shown that prejudice or undue delay would result from granting the Motion to Intervene."). Therefore, permissive intervention is appropriate.

---

[5] Plaintiff also quotes from the district court's decision on the motion to dismiss in *United States v. Galvin*, No. 1:25-cv-13816-LTS (D. Mass. Apr. 9, 2026), ECF No. 92. Br. 13. In *Galvin*, the court granted intervention. No. 1:25-cv-13816-LTS (D. Mass. Jan. 6, 2026), ECF No. 30.

REPLY IN SUPPORT OF
MOTION TO INTERVENE                 6
3:25-cv-06078-KKE

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

# CONCLUSION

Proposed Intervenors respectfully request that the Court grant their motion to intervene under Rule 24(a) or, in the alternative, permissive intervention under Rule 24(b).

April 20, 2026

Respectfully submitted,

/s/ Amanda Beane
Amanda Beane
Law Office of Amanda Beane
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
Tel: (206) 531-0224
amanda@amandabeanelaw.com

Brent Ferguson*
Daniel S. Lenz*
Sejal Jhaveri*
Renata O'Donnell*
Kate Hamilton*
Alexis Grady*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
bferguson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
agrady@campaignlegalcenter.org

Maura Eileen O'Connor *
Brennan Center for Justice
at NYU School of Law
777 6th St. NW, Ste. 1100
Washington, DC 20001
Tel: (202) 249-7190
oconnore@brennan.law.nyu.edu

REPLY IN SUPPORT OF
MOTION TO INTERVENE
3:25-cv-06078-KKE

7

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

Patrick Berry*
Brennan Center for Justice
at NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310
Fax: (212) 463-7308
berryp@brennan.law.nyu.edu


*Admitted Pro Hac Vice

Counsel for Proposed Intervenor-Defendants Common Cause and Washington Conservation Action Education Fund

REPLY IN SUPPORT OF
MOTION TO INTERVENE
3:25-cv-06078-KKE

8

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224