**ABHA KHANNA**
WA Bar No. 42612
**TYLER L. BISHOP**
WA Bar No. 63821
**WALKER McKUSICK**
WA Bar No. 63205
ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177
akhanna@elias.law
tbishop@elias.law
wmckusick@elias.law

*Attorneys for Proposed Intervenor-*
*Defendants Common Power and*
*Washington Alliance for Retired*
*Americans*

The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

STEVE HOBBS, in his official capacity
as the Secretary of State of the State of
Washington,

                Defendant.

No. 3:25-cv-6078-KKE

COMMON POWER AND
WASHINGTON ALLIANCE FOR
RETIRED AMERICANS' REPLY IN
SUPPORT OF RENEWED MOTION
TO INTERVENE

NOTE ON MOTION CALENDAR:
April 20, 2026

REPLY IN SUPPORT OF MOTION TO INTERVENE
No. 3:25-cv-6078-KKE

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

I.    CP-Alliance-Intervenors are entitled to intervene as of right. .................................... 2

    A.    CP-Alliance-Intervenors' motion is timely. ........................................................ 2

    B.    CP-Alliance-Intervenors' interests are threatened by DOJ's lawsuit. ............... 2

    C.    The Secretary does not adequately represent CP-Alliance-Intervenors. ........... 4

II.   Alternatively, the Court should grant permissive intervention. ................................... 6

CONCLUSION .................................................................................................................... 7

REPLY IN SUPPORT OF MOTION TO
INTERVENE
No. 3:25-cv-6078-KKE

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

### **INTRODUCTION**

The Department of Justice has filed 30 lawsuits across the country seeking to obtain states' unredacted voter files, including sensitive voter information protected by law. In 22 of those cases, federal courts have granted intervention to civic organizations seeking to protect privacy and voting rights of their members. This includes *14* in which chapters of the Alliance for Retired Americans ("Alliance")—a proposed intervenor here—were granted intervention. Dkt.23 ("MTI") at 2 (collecting orders).[1] Several of these courts have relied on unique arguments advanced by the Alliance and other intervenors to dismiss DOJ's complaints.[2]

DOJ acknowledges none of this, instead claiming that Common Power ("CP") and the Washington Alliance (together, "CP-Alliance-Intervenors") have "nothing unique to contribute." Resp.1, Dkt.47. In doing so, DOJ regurgitates arguments rejected by binding precedent and relies on the unpublished decision of the *only* court to deny intervention in these cases—ignoring that it is a striking outlier, out of step with every other court (including several in this Circuit) to have considered similar motions.

CP-Alliance-Intervenors satisfy the requirements for intervention as of right under Rule 24(a): their motion is undisputedly timely, they have interests in the rights of their members as well as their voter-engagement services, DOJ's action threatens to impair those rights, and no party adequately represents *those* interests. *E.g.*, *U.S. v. Oregon*, No. 6:25-cv-1666, 2025 WL 3496571, at *2 (D. Or. Dec. 5, 2025); *U.S. v. Henderson*, No. 2:26-cv-166, 2026 WL 800636, at *2 (D. Utah Mar. 23, 2026). DOJ also offers no coherent basis to deny CP-Alliance-Intervenors' alternative request for permissive intervention.

---

[1] Since the renewed motion's filing, the Alliance was granted intervention in another state. *U.S. v. Adams*, No. 3:26-cv-19 (E.D. Ky. Apr. 14, 2026), Dkt.34.

[2] *E.g.*, *U.S. v. Benson*, No. 1:25-cv-1148, 2026 WL 362789, at *8 (W.D. Mich. Feb. 10, 2026) ("[T]he Court rejects Michigan's arguments but finds persuasive [the Alliance's] argument[.]"); *U.S. v. Weber*, No. 2:25-cv-09149, 2026 WL 118807, at *13 (C.D. Cal. Jan. 15, 2026) (relying on "Intervenors' analysis" of NVRA precedent); *U.S. v. Oregon*, No. 6:25-cv-1666, 2026 WL 318402, at *11 (D. Or. Feb. 5, 2026) (citing intervenors' factual submission). DOJ appealed these orders, and intervenors—including the Alliance—are parties to the appeals. No. 26-1225 (6th Cir. Feb. 27, 2026); Nos. 26-1231, 1232 (9th Cir. Mar. 3, 2026).

1

REPLY IN SUPPORT OF MOTION TO INTERVENE
No. 3:25-cv-06078-KKE

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

# ARGUMENT

## I. CP-Alliance-Intervenors are entitled to intervene as of right.

### A. CP-Alliance-Intervenors' motion is timely.

DOJ does not contest CP-Alliance-Intervenors' motion as untimely. Nor could it. They moved just eight days after DOJ filed its complaint, *see* Dkt.6—before Defendant was served— and moved a second time within two business days of the Court's order granting permission to renew their motion, *see* Dkt.22, 23. This factor favors granting CP-Alliance-Intervenors' motion, as they sought to participate at the earliest possible stage, before any others. *Infra* 6.

### B. CP-Alliance-Intervenors' interests are threatened by DOJ's lawsuit.

DOJ's proforma arguments against intervention fail to distinguish between CP-Alliance-Intervenors and the intervenors that subsequently moved, and thus fails to grapple with the facts showing CP-Alliance-Intervenors have unique interests in voting and privacy rights of their members and their mission-critical voting programs. *Compare* MTI.7-14 (citing declarations), *with* Resp.5-13. None of DOJ's "interest" arguments holds up in any event.

*First*, DOJ argues CP-Alliance-Intervenors *cannot* have a protectable interest because statutes DOJ relies upon do not impose governmental duties upon them, Resp.5-6, but "nothing in the text or [Rule 24] limits its application in [this] way." *Oregon*, 2025 WL 3496571, at *1-2 (rejecting similar argument). The Ninth Circuit has expressly held Rule 24(a)(2) does not "engraft[] a limitation on intervention of right to parties liable to the plaintiffs on the same grounds" as defendants, and "a prospective intervenor's asserted interest need not be protected by the statute under which the litigation is brought." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1178-79 (9th Cir. 2011) (citation modified).

*Second*, DOJ's contention that CP-Alliance-Intervenors' privacy interests are not "concrete," is unavailing. Resp.6. DOJ suggests downstream consequences of unlawful disclosures are too "speculative" to confer standing. *Id*. But even if intervenors had to satisfy Article III (they

REPLY IN SUPPORT OF MOTION TO INTERVENE
No. 3:25-cv-06078-KKE

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

do not, *see Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991)), both the Supreme Court and the Ninth Circuit have held this type of injury *is* sufficient to satisfy even that more demanding standard, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424-25 (2021) (identifying "intrusion upon seclusion" as harm "traditionally recognized as providing a basis for lawsuits in American courts"); *In re Facebook*, 956 F.3d 589, 598 (9th Cir. 2020) (similar). Thus, several courts assessing standing to challenge the Trump Administration's efforts to centralize data have recently held that, when a new disclosure of records is threatened, "the unjustified intrusion upon the [individual's] privacy *is* the [relevant] harm." *AFL-CIO v. SSA*, No. 25-cv-1411, 2026 WL 969670, at *4 (4th Cir. Apr. 10, 2026); *All. for Retired Ams. v. Bessent,* No. 25-cv-313, 2026 WL 622235, at *3-4 (D.D.C. Mar. 5, 2026) (discussing cases). Nor does DOJ offer anything to support its conclusory assertion that any disclosure of sensitive information is harmless because of the existence of privacy laws, Resp.7, a glaring omission considering CP-Alliance-Intervenors contend the relief sought *violates* state and federal privacy laws, Dkt.23-1 at 7.[3]

*Third*, DOJ's related argument that the privacy interests CP-Alliance-Intervenors seek to protect are "generalized" similarly fails. As the Ninth Circuit has explained, disclosures that affect large swaths of the population are nonetheless "particularized" to individuals whose information is disclosed precisely because the right to privacy belongs to the individual. *Facebook*, 956 F.3d at 598; *see AFL-CIO*, 2026 WL 969670, at *4 n.4.

*Fourth*, DOJ's argument that CP-Alliance-Intervenors lack interests in their own programs misses the mark. While DOJ claims "expenditure of resources on advocacy" is insufficient, Resp.9, it fails to address—much less contest—CP-Alliance-Intervenors' interests in their mission-critical services. MTI.8-14 (citing declarations); *see, e.g.*, *LULAC v. EOP*, No. 25-cv-0946, 2026 WL

---

[3] DOJ falsely asserts a district court held in an "identical" context that the Alliance's "interest" in protecting privacy was "speculative and premature" because a consent order required DOJ to comply with privacy laws. Resp.7-8 (citing Order, *U.S. v. N.C. Bd. of Elections*, No. 5:25-cv-283 (E.D.N.C. Jan. 12, 2026), Dkt.87 ("NC Order")). As the order made clear, that case settled *without* DOJ having made the "request for the information" at issue, and the Alliance *would* have an interest once its members' information was at risk. NC Order at 4, 8. The relief DOJ continues to seek here *is* disclosure of CP-Alliance-Intervenors' members' information. Resp.1.

3

REPLY IN SUPPORT OF MOTION TO INTERVENE
No. 3:25-cv-06078-KKE

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

252420, at *51 (D.D.C. Jan. 30, 2026) (discussing harm to voting programs from disclosures of members' information). Such impairments satisfy the more stringent standard for standing, *LULAC*, 2026 WL 252420, at *38, 51, "compel[ling] the conclusion that [CP-Alliance-Intervenors] have an adequate interest" here, *Yniguez*, 939 F.2d at 735.

*Lastly*, DOJ fails to address distinct threats DOJ's demand poses to the *voting* rights of CP-Alliance-Intervenors' members. *Compare* MTI.7-13, *with* Resp.5-8; *see Tennyson v. Sacramento*, No. 2:19-cv-429, 2021 WL 2142733, at *3 (E.D. Cal. May 26, 2021) ("Arguments not included in an opposition are waived."). This independently suffices to satisfy Rule 24(a)(2) and is reason alone to reject DOJ's arguments. *E.g.*, *Donald J. Trump for President v. Bullock*, 491 F.Supp.3d 814, 828 (D. Mont. 2020).

## C.     The Secretary does not adequately represent CP-Alliance-Intervenors.

DOJ's argument that the Secretary adequately represents CP-Alliance-Intervenors' interests because they "share the same ultimate objective," Resp.10, is at odds with controlling precedent. While both may seek a similar litigation outcome, they do so based on distinct interests. The Supreme Court has held that interests, not objectives, guide the inquiry: it is "normally is not enough to trigger a presumption of adequate representation" when an intervenor's "interest is similar to, but not identical with, that of one the parties." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 197 (2022) (citation modified). The presumption DOJ advocates thus cannot apply here, where CP-Alliance-Intervenors have interests in advancing their civic-engagement efforts and protecting members' rights, which are "not [interests] identical with" the Secretary's.

This conclusion flows directly from long-standing precedent governing intervention. In *Trbovich v. United Mine Workers*, the Supreme Court reviewed a union member's effort to intervene as plaintiff in a suit the Secretary of Labor brought against his union. 404 U.S. 528, 539 (1972). As *Berger* summarized, "[a]t a high level of abstraction, the union member's interest and the Secretary's might have seemed closely aligned," but a presumption was not warranted because

REPLY IN SUPPORT OF MOTION TO INTERVENE
No. 3:25-cv-06078-KKE

4

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

"the union member sought relief against his union, full stop," while the Secretary had to consider "broader public-policy implications." 597 U.S. at 196. This distinction between "objective" and "interest" explains why *Berger* "calls into question whether the application of such a presumption is appropriate." *Callahan v. Brookdale Senior Living Cmtys.*, 42 F.4th 1013, 1021 n.5 (9th Cir. 2022) (after *Berger*, only presumption "on firm legal footing" applies where "interest is identical"). While DOJ attempts to wave *Berger* away, Resp.12, it makes no mention of *Trbovich*, which involved a private litigant on the side of a "government party," *Berger*, 597 U.S. at 195-96.

The same is true of the unpublished Arizona district court opinion DOJ relies on, *U.S. v. Fontes*, No. 2:26-cv-66, 2026 WL 657025 (D. Ariz. Mar. 9, 2026). Resp.3, 11, 13. Like DOJ, the *Fontes* court conflates "outcome" and "purpose" with interests, neglects *Trbovich* and *Berger*, and ignores the Supreme Court's warning against viewing interests at too-high a level of abstraction. 2026 WL 657025, at *3-4. To the extent *Fontes* stands for a blunt presumption of adequacy, it is outweighed by every other court to decide intervention in these DOJ actions. *E.g.*, *Oregon*, 2025 WL 3496571, at *2; *Henderson*, 2026 WL 800636, at *2; Order, *U.S. v. Weber*, No. 2:25-cv-9149 (C.D. Cal. Nov. 19, 2025), Dkt.70.[4]

DOJ cites an intervention denied in Hawaii, Resp.12, but fails to inform the Court that order only denied intervention of *additional* intervenors after others—including a chapter of the Alliance—had already been *granted* intervention, Order, *U.S. v. Nago*, No. 1:25-cv-522 (D. Haw. Jan. 5, 2026), Dkt.20. The same dynamics were at play in the pre-*Berger* case on which DOJ relies, Resp.10. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1087 (9th Cir. 2003) (noting "[t]he presence of… a similarly situated intervenor" counsels against intervention). DOJ also falsely suggests intervention was denied in Massachusetts, but that court *granted* intervention to similar groups— including a chapter of the Alliance; the only request denied was a request for argument. Order at 5, *U.S. v. Galvin*, No. 1:25-cv-13816 (D. Mass. Apr. 9, 2026), Dkt. 92. If anything, cases involving

---

[4] *See also* Democracy Docket, *DOJ Voter Data Access Cases*, https://www.democracydocket.com/cases/topic/doj-voter-data-access/ (collecting filings and orders) (last visited April 20, 2026).

REPLY IN SUPPORT OF MOTION TO INTERVENE
No. 3:25-cv-06078-KKE

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

previously admitted intervenors *support* granting CP-Alliance-Intervenors' motion, as they were first to file.

As set forth in their motion, MTI.11-15, CP-Alliance-Intervenors' interests diverge from the Secretary's in several ways. The Secretary shares neither CP-Alliance-Intervenors' parochial interest in protecting its programs among constituents who fear federal scrutiny nor the privacy interests of particularly vulnerable retirees among the Alliance's membership. *Id.* The Secretary, meanwhile, must reconcile diffuse interests. *Bellitto v. Snipes*, 935 F.3d 1192, 1201 (11th Cir. 2019) (NVRA requires state officials to "balance competing objectives"). At least one state has settled pursuant to such interests.[5] Given this divergence, every single court to rule on the question in these cases—with the singular exception of *Fontes*—has granted motions to intervene by voters and organizations—including the Alliance. MTI.2 nn.1-2. In dismissing DOJ's complaints, some courts relied on arguments made uniquely by intervenors. *Supra* n.1; *see W. Watersheds Project v. Haaland*, 22 F.4th 828, 839 (9th Cir. 2022) (possibility intervenors "might raise new, legitimate arguments is a reason to grant").

**II.      Alternatively, the Court should grant permissive intervention.**

In opposing intervention under Rule 24(b), *see* Resp.13, DOJ rehashes arguments already addressed. Ultimately, it is CP-Alliance-Intervenors' members' and constituents' personal information that comprise the voter rolls, and their perspective will aid in full consideration of what is at stake. *See 1789 Found. v. Fontes*, No. 2:24-cv-2987, 2025 WL 834919, at *4 (D. Ariz. Mar. 17, 2025) (permitting organizations to intervene); *PILF v. Winfrey*, 463 F.Supp.3d 795, 802 (E.D. Mich. 2020) (similar). It is thus unsurprising that district courts in 22 states have already granted intervention to advocacy organizations like CP-Alliance-Intervenors, including at least 14 involving the Alliance alone. *Supra* 1 & n.1.

---

[5] Robby Korth & Abigail Siatkowski, *Oklahoma Will Hand Over Voter Data To DOJ After Initially Declining*, Okla. Pub. Radio (Mar. 25, 2026), https://perma.cc/W3Y9-YE39.

6

REPLY IN SUPPORT OF MOTION TO INTERVENE
No. 3:25-cv-06078-KKE

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

## CONCLUSION

CP-Alliance-Intervenors respectfully request that this Court grant their motion.

Dated: April 20, 2026

Respectfully submitted,

*/s/ Abha Khanna*
**ABHA KHANNA**
WA Bar No. 42612
**TYLER L. BISHOP**
WA Bar No. 63821
**WALKER McKUSICK**
WA Bar No. 63205
ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177
akhanna@elias.law
tbishop@elias.law
wmckusick@elias.law

*Attorneys for Proposed Intervenor-Defendants Common Power and Washington Alliance for Retired Americans*

REPLY IN SUPPORT OF MOTION TO INTERVENE
No. 3:25-cv-06078-KKE

ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Proposed Intervenor-Defendants Common Power and Washington Alliance for Retired Americans certifies that this motion contains 2,088 words, which complies with the limit of Local Rule 7(e).

Dated: April 20, 2026                          /s/ Abha Khanna
                                               Abha Khanna

8

REPLY IN SUPPORT OF MOTION TO INTERVENE                    ELIAS LAW GROUP LLP
No. 3:25-cv-06078-KKE                                      1700 Seventh Avenue, Suite 2100
                                                           Seattle, WA 98101
                                                           (206) 656-0177