UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff(s),<br><br>   v.<br><br>STEVE HOBBS,<br><br>               Defendant(s). | CASE NO. C25-6078-KKE<br><br>ORDER GRANTING MOTIONS TO INTERVENE |

In this action, the United States seeks to compel, under Title III of the Civil Rights Act of 1960, the Washington Secretary of State Steve Hobbs to produce voter registration information to ensure that Washington's election system complies with the National Voter Registration Act of 1993 and the Help America Vote Act of 2002. Dkt. Nos. 1, 29. Four organizations ("Proposed Intervenors")—Common Cause, Washington Conservation Action Education Fund ("WCAEF"), Common Power, and Washington Alliance for Retired Americans ("WARA")—filed motions to intervene in this litigation as Defendants. Dkt. Nos. 23, 28. The Secretary does not oppose intervention, but the United States does. Dkt. Nos. 46, 47. Because the Court finds that the presence of the Proposed Intervenors will promote the just and equitable resolution of the issues presented in this case, the Court will grant their motions to intervene.

ORDER GRANTING MOTIONS TO INTERVENE - 1

## I.   BACKGROUND & ANALYSIS

The Proposed Intervenors are organizations that advocate for voting rights and democracy. Common Power "encourage[es] participation and civil engagement, especially among communities that have traditionally faced barriers to voting." Dkt. No. 23-2 ¶ 7. WARA's "core mission" is to "inform[] and turn[] out our members to vote" and it advances its mission by helping its members to navigate the voter-registration and voting process. Dkt. No. 23-3 ¶ 7. Common Cause runs programs to promote voting access, such as funding rideshares to provide transportation to the polls for voters with vision disabilities or reminding members to update their voter registration. Dkt. No. 28-1 ¶¶ 8, 9. WCAEF works to "expand[] political participation in Washington by conducting voter registration drives and voter engagement, including get-out-the-vote outreach and ballot parties for people to fill out their ballots." Dkt. No. 28-3 ¶ 5. All Proposed Intervenors run programs in Washington and/or count Washingtonians among their members. Dkt. No. 23-2 ¶ 4, Dkt. No. 23-3 ¶ 5, Dkt. No. 28-1 ¶ 6, Dkt. No. 28-3 ¶ 8. The Proposed Intervenors and the Secretary contend that this lawsuit is procedurally improper and in conflict with federal law. *See* Dkt. Nos. 52-1, 53, 54-1.

The Proposed Intervenors move to intervene in this action as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, to intervene with the Court's permission under Rule 24(b). Dkt. Nos. 23, 28. A court must grant anyone's timely motion to intervene if they have "an unconditional right to intervene by a federal statute" or if they "claim[] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest, unless existing parties adequately represent that interest." Rule 24(a).

A court has discretion to grant anyone's timely motion to intervene if they have "a conditional right to intervene by a federal statute" or if they have "a claim or defense that shares

ORDER GRANTING MOTIONS TO INTERVENE - 2

with the main action a common question of law or fact." Rule 24(b)(1). In deciding whether to grant permissive intervention, a court should consider whether permitting intervention will delay or prejudice the existing parties (Rule 24(b)(3)), and may consider whether it would contribute to the just and equitable resolution of the issues. *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022).

At the outset, the Court notes that it is undisputed that Proposed Intervenors' motions to intervene were timely filed. Turning to consider the Proposed Intervenors' request for permissive intervention, the Court finds that they have adequately described a defense that shares a common question of law or fact. The Proposed Intervenors have an interest in protecting Washingtonians' privacy rights in their voting data, and their work in encouraging and facilitating voting would be harmed if their constituents believe that their voting data will not be properly protected. *See* Dkt. No. 23-2 ¶¶ 13–14, Dkt. No. 23-3 ¶¶ 10–13, Dkt. No. 28-1 ¶¶ 11–13, Dkt. No. 28-3 ¶¶ 11–12. And while the Secretary is required by NVRA to consider the competing objectives of maintaining accurate voter rolls while promoting voter access, the Proposed Intervenors need not engage in that balancing. *See* Dkt. No. 23 at 16, Dkt. No. 28 at 15. Because Proposed Intervenors can speak to their Washington members' and constituents' interests more directly than the Secretary can, the Court would benefit from their perspective in this litigation. And permitting intervention will not delay resolution of this action, given that the Proposed Intervenors will abide by the existing case schedule and deadlines. *See* Dkt. No. 23 at 17, Dkt. No. 28 at 16.

The United States argues that the Court should not grant permissive intervention because the Proposed Intervenors have only a generalized grievance and would not add anything "novel" as a party to this lawsuit, and should therefore seek leave to participate as *amici*. Dkt. No. 47 at 14–15. The Court disagrees: as discussed in the previous paragraph, the Proposed Intervenors seek to vindicate their members' particularized privacy rights, rather than generalized claims of

ORDER GRANTING MOTIONS TO INTERVENE - 3

harm, and the Court finds that their interests are sufficiently different from the Secretary's interest in defending this lawsuit that their participation will be beneficial.

Accordingly, the Court finds, as have other courts to consider the question in similar cases, that permissive intervention is appropriate here. *See, e.g.*, *United States v. Benson*, No. 1:25-cv-1148, 2025 WL 3520406, at *6 (W.D. Mich. Dec. 9, 2025); *United States v. Oregon*, No. 6:25-cv-01666-MTK, 2025 WL 3496571, at *2 (D. Or. Dec. 5, 2025); *United States v. Page*, No. 2:25-cv-09149-DOC-ADS (C.D. Cal. Nov. 19, 2025), ECF No. 111 at 25–26.  The Court need not address whether mandatory intervention would also be appropriate.

## II.    CONCLUSION

For these reasons, the Court GRANTS the motions to intervene filed by Common Power, WARA, Common Cause, and WCAEF.  Dkt. Nos. 23, 28.  Their motions for leave to file motions to dismiss/oppositions to the motion to compel (Dkt. Nos. 52, 54) are therefore also GRANTED and they may file their motions/oppositions no later than May 20, 2026, but note them for June 22, 2026, to align with the Secretary's motion.  *See* Dkt. Nos. 45, 53.  Plaintiff is encouraged to file a combined opposition to the motions to dismiss and may seek a word-count extension if needed.

Dated this 18th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTIONS TO INTERVENE - 4