The Honorable Kymberly K. Evanson

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVE HOBBS, in his Official Capacity as Secretary of State of the State of Washington,

Defendant.

Case No. 3:25-cv-06078-KKE

**SECOND DECLARATION OF ERIC NEFF**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently Acting Chief to the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States' Motion to Compel the production of election records pursuant to the Civil Rights Act ("CRA") codified at 52 U.S.C. §§ 20701, *et seq*.



U.S. Department of Justice
4 Constitution Square
150 M Street NE
Washington, D.C. 20002
(202) 316-8087

2. Recent enforcement efforts by the Attorney General demonstrate the need for federal scrutiny, as Congress contemplated in authorizing the Attorney General to bring enforcement actions under HAVA and the NVRA.

3. As a result of the Attorney General's enforcement action, North Carolina has reduced the number of voter records missing an identification number under HAVA from 103,329 to 70,709. See *N. Carolina Bd. of Elections*, Defs.' 2d Status R. at 2 (E.D.N.C. Jan. 30, 2026). A true and accurate copy of the Second Status Report from the North Carolina litigation is attached as Exhibit 1.

4. Movants respond to the need for federal scrutiny by accusing the Attorney General of pretextual motives, but as the United States District Court for the Eastern District of North Carolina recently found, such arguments raised by Movants here are "speculative and premature." *See United States v. North Carolina Board of Elections*, Case No. 5:25-cv-00283 (E.D.N.C. Sept. 8, 2025), Dkt. 87, Order Denying Motion for Reconsideration of Motions to Intervene at 7. A true and accurate copy of the Order from the North Carolina litigation is attached as Exhibit 2.

5. In 2007, the United States entered into a Consent Decree with the State of Maine regarding HAVA compliance and list maintenance. A true and correct copy of the Consent Decree in *United States v. Maine*, No. 1:06-cv-00086 (D. Me. Apr. 4, 2007) is attached as Exhibit 3.

6. The United States entered similar agreements with the States of New Jersey and Indiana to enforce voter registration list maintenance. In New Jersey, paragraph five of the stipulated order required the HAVA identifiers to be provided and paragraph 14 required Defendants to retain voter registration and list maintenance records. A true and correct copy of the



U.S. Department of Justice
4 Constitution Square
150 M Street NE
Washington, D.C. 20002
(202) 316-8087

document from *United States v. New Jersey*, No. 06-cv-4889 (D.N.J. Oct. 12, 2006) is attached as Exhibit 4.

7. Indiana was required by consent decree to retain voter registration and list maintenance records related to the terms of this agreement for the time periods provided by Section 20701. A true and accurate copy of the pertinent documents from *United States v. Indiana*, 1:06 3 cv-01000 (S.D. Ind. July 5, 2006) is attached as Exhibit 5.

8. After the Indiana consent decree was entered, the United States moved to amend it to obtain the full, unredacted SVRL, including driver's license numbers and social security numbers. A true and accurate copy of Dkt. 16 in *Indiana*, 1:06-cv-01000 (D. Ind. June 27, 2006), is attached as Exhibit 6. The Court in *Indiana* issued an Order granting the United States' Motion to Amend Consent Decree. A true and accurate copy of this Order is attached as Exhibit 7.

9. In 2009, the United States sued the State of Alabama for records under Title III in *United States of America v. Alabama*, Case No. 2:08-cv-00920 (M.D. Ala. March 28, 2009). True and correct copies of pertinent documents are attached as Exhibit 8. The matter regarded the State's noncompliance with 42 U.S.C. § 1973ff-1(c),and required the State to report to the Election Assistance Commission, not later than ninety days after a regularly scheduled general election for Federal office, certain data regarding ballots from absent uniformed services voters and overseas voters.

10. Similarly, the United States sought data in 21 Alabama counties under the CRA, and the Court issued an Order approving that request, and indicated that it would send demand letters to each of those counties for those election records. *Id.* at Dkt. 24. A true and accurate copy of a letter sent to Shelby County in 2009 requesting election records pursuant to Title III is attached

as Exhibit 9. The United States filed a similar lawsuit in Vermont to enforce UOCAVA reporting requirement. True and correct copies of pertinent documents regarding *United States of America v. Vermon*t, Case No. 2:08-cv-00217 (D. Vt. Feb. 26, 2009) are attached as Exhibit 10.

11. The United States has also used the CRA in enforcement of the Voting Rights Act. The United States sought election records from counties gathering evidence for a lawsuit brought under Section 2 of the Voting Rights Act in *United States v. Georgia*, No. 1:21-cv-02575 (N.D. Ga. June 25, 2021), Dkt. 1. The Civil Rights Division sought election information from 159 counties in Georgia, and demand letters under Title III were sent to some of those counties. A true and accurate copy of the letter sent to Newton County, Georgia is attached as Exhibit 11.

12. A true and accurate copy of cited excerpts from the report by the National Commission on Federal Election Reform (the Ford-Carter Commission), entitled "To Assure Pride and Confidence in the Electoral Process (Aug. 2001)," is attached as Exhibit 12.

13. A true and accurate copy of an Order from the case file, as maintained by the United States Archives, in *Kennedy v. Lynd*, 306 F.2d 222, 229 (5th Cir. 1962) is attached as Exhibit 13.

14. A true and correct copy of a transcript excerpt from *United States v. Thomas*, No. 3:26-cv-00021-KAD (D. Conn. March 19, 2026) is attached as Exhibit 14.

15. The Department of Justice Office of Legal Counsel (OLC) published an opinion on May 12, 2026, concluding that the CRA authorizes the Attorney General to compel States to produce unredacted SVRLs, and that once produced, the Department may share that data with components within the Department of Homeland Security. OLC also explains that federal privacy laws are satisfied or do not apply to the data demanded by the United States. A true and correct copy is attached as Exhibit 15.

I declare under the penalty of perjury that the above statements are true and correct.

Dated: June 8, 2026 at Washington, DC.

*/s/ Eric Neff*

Eric Neff



U.S. Department of Justice
4 Constitution Square
150 M Street NE
Washington, D.C. 20002
(202) 316-8087