The Honorable Kymberly K. Evanson

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

STEVE HOBBS, in his official capacity as the Secretary of State of the State of Washington,

*Defendant*,

COMMON POWER, WASHINGTON STATE ALLIANCE FOR RETIRED AMERICANS, COMMON CAUSE, and WASHINGTON CONSERVATION ACTION EDUCATION FUND, *Intervenor-Defendants*.

Case No. 3:25-cv-06078-KKE

**INTERVENOR-DEFENDANTS COMMON CAUSE AND WASHINGTON CONSERVATION ACTION EDUCATION FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS**

NOTE ON MOTION CALENDAR: June 22, 2026

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

**INTRODUCTION**

Plaintiff the United States sued Secretary Hobbs for Washington's unredacted statewide Voter Registration List without articulating any substantive rationale for why it is entitled to this information, which is a basic requirement of Title III of the Civil Rights Act of 1960 (CRA). It now asks this Court to rubber stamp its request for Washingtonians' most sensitive personal data. In doing so, Plaintiff contends that the Court should follow none of the normal rules required for civil litigation—including rules that apply when federal agencies seek investigative information— nor ask any questions about whether Plaintiff fulfilled statutory prerequisites or about the motives behind this extraordinary request. This Court should follow the nine other federal district courts that have rejected Plaintiff's parallel claims, dismiss Plaintiff's Complaint for failing to state a claim under the CRA, and deny Plaintiff's motion to compel as moot. *See United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026); *United States v. Oregon*, No. 6:25-cv-01666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Benson*, 819 F. Supp. 3d 753 (W.D. Mich. 2026); *United States v. Galvin*, No. 1:25-cv-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Amore*, No. 1:25-cv-00639-MSM-PAS, 2026 WL 1040637 (D.R.I. Apr. 17, 2026); *United States v. Fontes*, No. CV-26-00066-PHX-SMB, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026); *United States v. Wisconsin Elections Comm'n*, No. 3:25-cv-01036-JDP, 2026 WL 1430354 (W.D. Wis. May 21, 2026); *United States v. Bellows*, No. 1:25-cv-00468-LEW, 2026 WL 1430481 (D. Me. May 21, 2026); Mem. Op., *United States v. DeMarinis*, No. 1:25-cv-03934-SAG (D. Md. June 18, 2026), ECF No. 91 ("*DeMarinis* Order").

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

1

**ARGUMENT**

The United States overreads Title III, ignores statutory limits, and seeks unprecedented access to sensitive information without satisfying statutory requirements.

I.   **The Federal Rules of Civil Procedure apply, and the Court should apply normal judicial review in assessing Plaintiff's claim.**

As Intervenor-Defendants Common Cause and Washington Conservation Action Education Fund explained in their Motion to Dismiss and Opposition to Plaintiff's Motion to Compel, ECF No. 62, the Federal Rules of Civil Procedure ("Federal Rules") and normal judicial review apply here, as they do in almost all civil litigation. Plaintiff argues that the CRA confines this Court to a special, truncated proceeding shielded from ordinary judicial scrutiny. *See* ECF No. 76 ("Br.") at 3-7. But multiple federal district courts considering parallel cases have applied the Federal Rules and dismissed Plaintiff's nearly identical claims under the CRA. *See Weber*, 816 F. Supp. 3d at 1182; *Oregon*, 2026 WL 318402, at *8; *Amore*, 2026 WL 1040637, at *4; *Bellows*, 2026 WL 1430481, at *5; *DeMarinis* Order at 6. And no court has allowed Plaintiff to short circuit judicial review through a motion to compel. This Court should do the same, since neither the text nor the legislative history of the CRA, nor any subsequent case law, supports departing from the Federal Rules or abdicating judicial review. *Oregon*, 2026 WL 318402, at *8 ("There is no current or binding authority for the proposition that Title III precludes the Court from evaluating the sufficiency of Plaintiff's allegations."); *Amore*, 2026 WL 1040637, at *4 ("[T]he Federal Rules of Civil Procedure govern this case, and [] DOJ is not entitled to any sort of summary or abbreviated procedures for obtaining the information it seeks."); *Bellows*, 2026 WL 1430481, at *5 ("[T]his case lacks the statutory grounding needed to state a claim upon which relief may be granted.").

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

2

Moreover, Plaintiff's decision to initiate a civil action counsels in favor of applying the Federal Rules and judicial review.

### A. The text of the CRA requires the application of the Federal Rules.

The text of the CRA does not authorize a special statutory proceeding or abbreviated process outside of the Federal Rules and normal judicial review. Rather, the Act provides that a district court "shall have jurisdiction *by appropriate process* to compel the production of such record or paper," 52 U.S.C. § 20705 (emphasis added), which includes application of the Federal Rules. *See Weber*, 816 F. Supp. 3d at 1182 ("Nothing in the text of Title III requires a special statutory proceeding or any abbreviated procedures.").

Courts have repeatedly held that federal agencies' efforts to compel information are subject to meaningful judicial review, including review of complaints under the standards set forth in the Federal Rules. *United States v. Powell* explained the meaning of "appropriate process" in the context of a federal court's review of an agency's exercise of its investigative authority. 379 U.S. 48, 58 & n.18 (1964). Assessing a statutory scheme that—like Title III of the CRA—authorized the production of documents "by appropriate process," the Supreme Court in *Powell* held that "appropriate process" in that context required courts to apply standard civil procedure and to ensure the relevant agency satisfied statutory prerequisites to compel the production of records. 379 U.S. at 57-58 & n.18. Given the similarity between the two statutes, "appropriate process" must carry the same meaning in the CRA as it did in the statute at issue in *Powell*. *See Azar v. Allina Health Servs.*, 587 U.S. 566, 574 (2019) ("This Court does not lightly assume that Congress silently attaches different meanings to the same term in the same or related statutes.").

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

3

Plaintiff asks this Court to strike out on its own and diverge from the way other courts in parallel cases, including two in this Circuit, have applied *Powell*. Br. at 6 (citing *Oregon*, 2026 WL 318402, at *8; *Weber*, 816 F. Supp. 3d at 1182). Plaintiff admits that *Powell* reinforced the presumption that the Federal Rules apply to all civil suits, but asserts that *Powell*'s widely applicable presumption does not apply to cases initiated under the CRA. Br. at 6. This argument fails. The Supreme Court's holding in *Powell* was not limited to the Internal Revenue Code. To the contrary, the Court held that when a statute "contains no provision specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply." 379 U.S. at 58 n.18. Because the relevant provision of the Internal Revenue Code required "appropriate process" and contained no specific procedure, the Federal Rules applied in *Powell*. The same is true here. Because Title III of the CRA requires "appropriate process" and contains no specific procedure, the Federal Rules apply under the plain holding of *Powell*.

Plaintiff incorrectly argues that construing the CRA's reference to "appropriate process" in this way would create surplusage. Failing to give "appropriate process" meaning would violate the "well-established principle that courts should, if possible, give meaning to every word of a statute and avoid constructions that make any word surplusage." *S. Cal. Edison Co. v. Orange Cnty. Transp. Auth.*, 96 F.4th 1099, 1110 (9th Cir. 2024). And, as Plaintiff admits, there is a "general presumption" that "appropriate process" requires applying the Federal Rules in civil suits unless the statute requires application of a specific procedure. Br. at 6 (citing *Powell*, 379 U.S. at 58 n.18; *N.H. Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 405-06 (1960)). Plaintiff points to *S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003), where the Ninth Circuit declined to apply that presumption. But in that case, Congress did not use the term "appropriate process," and instead

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

4

created a specific procedure that governed courts' jurisdiction to issue orders commanding compliance with the SEC's demands for records. 322 F.3d at 655-56 (citing 15 U.S.C. § 78u(e)). Here, Congress has not set forth any specific procedure in Title III of the CRA. Thus, *Powell*'s general presumption applies, and giving "appropriate process" meaning requires application of the Federal Rules.

Applying the Federal Rules to such a demand, and otherwise carefully analyzing federal agency demands for data, is the norm. Indeed, federal courts of appeals have extended *Powell*'s holding to other prelitigation agency requests for data, regardless of issuing agency. *See RNR Enters., Inc. v. Sec. & Exch. Comm'n*, 122 F.3d 93, 96 (2d Cir. 1997) (prelitigation SEC subpoena); *United States v. Markwood*, 48 F.3d 969 (6th Cir. 1995) (prelitigation DOJ administrative subpoena). As the Supreme Court has made clear, "[t]o protect against mistaken or arbitrary orders" by administrative officials, "judicial review is provided." *United States v. Morton Salt Co.*, 338 U.S. 632, 640 (1950). In *Markwood*, the Sixth Circuit determined that *Powell* had changed the judicial standards applicable to agency demands for documents. "[A]fter *Powell*," it observed, an agency was required to show that its "investigation had a legitimate purpose, that its inquiry may be relevant to that purpose, that it did not already have the information and that it otherwise followed any statutory requirements." *Markwood*, 48 F.3d at 978. *Powell*, it noted, "also gave subpoena recipients an additional defense against enforcement . . . . An agency investigatory tool might be resisted if the agency acted in 'bad faith.'" *Id. Markwood* makes clear that *all* agency investigations are subject to *Powell*'s good-faith requirement, and in no way does the analysis hinge on the presence (or absence) of a prohibition on improper investigations in the statutes at issue. *Id.*

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

Because *Powell* provided updated judicial standards for assessing agency investigations, Plaintiff's heavy reliance on *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962)—and other case law predating *Powell* to support its request for a special statutory proceeding—is unpersuasive. In addition to being narrowed or superseded by *Powell*, the Fifth Circuit's decision in *Lynd* does not suggest that even such a "comparable" proceeding is warranted in all CRA cases. In the intervening 60 years, the Supreme Court has clarified that normal procedure attaches when a federal agency seeks to compel the production of records. *See, e.g.*, *Becker v. United States*, 451 U.S. 1306, 1308 (1981). And many of the courts to have ruled on parallel cases have applied *Powell*'s holding to Plaintiff's claim. *See Weber*, 816 F. Supp. 3d at 1182 n.15; *Oregon*, 2026 WL 318402, at *8; *Benson*, 819 F. Supp. 3d at 766; *Amore*, 2026 WL 1040637, at *4; *Fontes*, 2026 WL 1177244, at *1; *Bellows*, 2026 WL 1430481, at *5; *see DeMarinis* Order at 6 ("Consistent with *Powell*, and every other court to have addressed this question in the recent litigation in other states, this Court concludes that the Federal Rules of Civil Procedure apply.").

**B. The legislative history undermines, rather than supports, Plaintiff's arguments about the standard of review.**

None of the legislative history or related cases Plaintiff points to counsel against applying the Federal Rules and normal judicial review to this case.

Both President Eisenhower's signing statement and House Report 956 that Plaintiff cites emphasized that the CRA was meant to give the Department of Justice the authority to obtain evidence during investigations into voter suppression, not unlimited access to sensitive voter information without judicial review and without a connection to claims of vote denial. *See* Br. at 4-5 (citing Special Message to the Congress on Civil Rights, Dwight D. Eisenhower, *Pub. Papers*

Reply in Support of Motion to Dismiss
No. 3:25-cv-06078-KKE

Law Office of Amanda Beane, P.C.
7724 35th Ave. NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

6

*of the Presidents* 165-66 (Feb. 5, 1959); H.R. Rep. No. 86-956 (1959)). Congress's decision to give an agency the power to obtain records does not mean that the agency has a corresponding power to evade court review, which guards against abuse. To the contrary, courts engage in meaningful review of federal agency records demands to ensure that agencies, including the Department of Justice, abide by statutory requirements when seeking documents. *See In re Subpoena Duces Tecum No. 25-1431-016*, No. 2:25-mc-00041-JHC, 2026 WL 1102159, at *5 (W.D. Wash. Apr. 23, 2026) (holding "the DOJ must establish a prima facie case" to issue a subpoena and denying DOJ's motion to alter or amend decision finding DOJ subpoenas unenforceable); *see also Consumer Fin. Prot. Bureau v. Accrediting Council for Indep. Colls. & Schs.*, 854 F.3d 683, 690 (D.C. Cir. 2017) (requiring compliance with statute that controls the CFPB's investigative demands). This type of careful judicial review is consistent with other federal statutes allowing federal agencies to obtain records in service of investigations, where courts have found that the test of judicial enforcement of such subpoenas includes an evaluation of whether the investigation is "conducted for a legitimate purpose." *Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999) (citing *Powell*, 379 U.S. at 57-58).

The cases Plaintiff cites do not alter this analysis. In *FEC v. Florida for Kennedy*, both the district court and the Eleventh Circuit emphasized the judiciary's duty to analyze subpoena demands. 492 F. Supp. 587, 590 (S.D. Fla. 1980), *rev'd on other grounds by*, 681 F.2d 1281 (11th Cir. 1982) (arguments raised in response to subpoena "must be examined in some detail to determine whether they raise unique issues"); *id.* at 602 ("Actions by the government which touch on fundamental freedoms will always receive close scrutiny."); *see* Br. at 9. And *Hannah v. Larche*, 363 U.S. 420, 443-44 (1960), on which Plaintiff also relies, is wholly inapplicable. Br. at

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

7

5. *Hannah* addressed the procedural obligations that investigative agencies must employ to comply with due process, not the standards that courts must apply when reviewing or enforcing agencies' requests for information. None of the caselaw Plaintiff relies on counsels in favor of granting Plaintiff's request to shortcut judicial review through a dispositive motion to compel or not applying the Federal Rules.

### C. Plaintiff filed a complaint and initiated a civil action to which the Federal Rules apply.

Plaintiff's decision to file a complaint, triggering a civil action, further demonstrates that this Court should apply the Federal Rules and normal judicial review to Plaintiff's demand for Washington's unredacted voter rolls. Unlike the cases Plaintiff cites in which courts have analyzed and construed minor errors or semantics differently in the name of judicial economy and effective relief, *see* Br. at 8 (collecting cases), filing a complaint is not a mere formalism. Plaintiff cites only one case involving the CRA, where a court rejected the "argument that the Title III demand was faulty because the demand described the correct person with the wrong title." Br. at 9 (citing *Kennedy v. Owen*, 321 F.2d 116 (5th Cir. 1963)). But such a minor distinction is not the case here. Plaintiff chose to file a complaint and thereby commence a civil action to which the Federal Rules apply. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 (1980) (applying federal rules because "civil action is commenced by filing a complaint with the court" (quoting Fed. R. Civ. P. 3)).

Moreover, parties have raised affirmative defenses that the Court cannot reach should the Court forgo application of the Federal Rules and its exercise of judicial review of the Complaint. *See* Br. at 27 (arguing "Privacy Act arguments cannot succeed because they are affirmative defenses and not a basis for dismissing the Complaint"); *see also* Fed. R. Civ. P. 8(c) ("In

Reply in Support of Motion to Dismiss
No. 3:25-cv-06078-KKE

Law Office of Amanda Beane, P.C.
7724 35th Ave. NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

8

responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[s.]"). While this case can be—and should be—dismissed because Plaintiff's demand failed to comply with the basic requirements of the CRA, *see infra* Section II; ECF No. 62 at 8-17, the type of truncated proceeding Plaintiff suggests would *never* permit courts to address these types of arguments.

## II.    The Court should dismiss the Complaint because Plaintiff failed to state a claim under the CRA.

Plaintiff failed to state the basis and the purpose of its demand for Washington's voter list. Its September 8, 2025 letter only stated that Plaintiff demanded Washington's sensitive voter data "[p]ursuant to the foregoing authorities [of the NVRA and HAVA], including the CRA." ECF No. 30-1 at 2. Because Plaintiff did not state the basis and the purpose within the demand letter, Plaintiff has failed to state a claim for which relief can be granted. *See Oregon*, 2026 WL 318402, at *9 (dismissing case for failure to provide basis or legitimate purpose); *Galvin*, 2026 WL 972129, at *6 (dismissing case for failing to state basis); *Amore*, 2026 WL 1040637, at *5 (rejecting Plaintiff's argument and finding "Congress could not have intended Title III to be interpreted in this redundant and circular manner."). The failure to state either the basis or the purpose is dispositive and requires dismissal.[1]

---

[1] Plaintiff argues that Title III applies to statewide voter registration lists, Br. at 16-25, although multiple courts have held to the contrary. The *Benson* court dismissed Plaintiff's complaint on the grounds that the CRA allows the Attorney General to inspect or copy records relating to acts requisite to voting only if those records "come into [the] possession" of election officials in the course of carrying out those acts, and voter-registration lists are not among such records. 819 F. Supp. 3d at 768-69. The *Fontes* Court adopted that reasoning, as did the district courts in *Wisconsin Elections Commission*, *DeMarinis*, and, in part, in *Bellows*. 2026 WL 1177244, at *2; *Wis. Elections Comm'n*, 2026 WL 1430354, at * 4; *Bellows*, 2026 WL 1430481, at *7; *DeMarinis* Order

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

9

**A. Plaintiff failed to state the basis for its demand.**

Plaintiff failed to state the basis for accessing Washington's unredacted voter rolls because it has failed to provide "a factual basis for investigating a violation of a federal statute." *Oregon*, 2026 WL 318402, at *9; *see also Galvin*, 2026 WL 972129, at *6; *Amore*, 2026 WL 1040637, at *5. Instead, Plaintiff broadly invoked HAVA and the NVRA, without providing any Washington-specific facts for why it needs to access the State's unredacted voter rolls in order to assess compliance with those statutes. This is not enough. "[A]s conveyed by the statute's use of the definite article," Plaintiff must state "'the' factual basis, not just a conceivable or possible basis." *See Galvin*, 2026 WL 972129, at *3. The failure to state the basis alone is sufficient to grant this motion to dismiss. *See id.* at *6 (dismissing case for failing to state basis).

Plaintiff attempts to smuggle in belated bases for its demands through two declarations from Eric Neff. But the CRA requires that the written demand itself contains the statement of basis and purpose. *See Galvin*, 2026 WL 972129, at *5. Because the written demand—the September 8, 2025 letter—did not contain the factual basis for investigating a violation of law, Plaintiff has failed to state the basis, and the Complaint therefore fails to state a claim upon which relief can be granted. *Amore*, 2026 WL 1040637, at *6.

Even if the Court could consider the Neff Declarations, they still fail to satisfy the CRA's requirements. *See* ECF Nos. 30, 76-1. Both Neff Declarations demonstrate that Plaintiff cannot state the factual basis for a demand to access Washington's unredacted voter rolls.[2] Indeed, the

---

at 6-9. This Court need not reach whether Title III applies to statewide voter lists if it finds that Plaintiff failed to follow the CRA's requirement to state the basis and the purpose for its demand.
[2] Perhaps acknowledging that its September letter did not comply with the CRA, Plaintiff now requests that the Court give it leave to "send Secretary Hobbs a curing elaboration letter, thus

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

10

declarations discuss only prior matters in other states related to the NVRA, HAVA, or the CRA, and provide no basis to argue that Washington is currently violating federal voting laws. *See* ECF Nos. 30, 76-1.

### B. Plaintiff fails to state the purpose for its demand.

Plaintiff has also failed to identify the purpose for its demand, which is likewise fatal to its Complaint. Plaintiff broadly asserts that it needs access to Washington's unredacted voter rolls to enforce HAVA and the NVRA, ECF No. 30 at 2, but the Constitution and these statutes empower states, not the federal government, to maintain voter rolls. *See* U.S. Const. art. I, § 4, cl. 1; 52 U.S.C. § 20507(a)(4); 52 U.S.C. § 21083(a)(1)(A); 52 U.S.C. § 21085 (delegating expressly to the states the methods of complying with HAVA's substantive list-maintenance provisions); *see also Amore*, 2026 WL 1040637, at *2.

As Plaintiff recognizes, its demand must be "made for the purpose of investigating possible violations of a Federal statute." Br. at 14 (quoting *Coleman v. Kennedy*, 313 F.2d 867, 868 (5th Cir. 1963) (per curiam)). But conducting list maintenance is not within Plaintiff's power under the CRA or any other statute. Moreover, Plaintiff has failed to establish that it is investigating Washington for any possible violations of law. If Plaintiff could use a lawsuit to search for violations of law without any basis to believe that a state violated the law, Plaintiff could file "a HAVA [or NVRA] action in search of a HAVA [or NVRA] violation, which is not the preferred

---

avoiding a dismissal on the merits and the resulting unnecessary delay in resolution of the underlying legal issues." Br. at 12. But as the Neff declarations demonstrate, Plaintiff cannot state a factual basis for a demand to access Washington's voter rolls because Plaintiff does not have any basis to claim that Washington is violating a federal statute. In any event, what is currently before the Court is Plaintiff's Complaint, which fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

REPLY IN SUPPORT OF MOTION TO DISMISS
No. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

11

order of things in the course of civil litigation." *Bellows*, 2026 WL 1430481, at *9 & n.15. Moreover, a static copy of voter rolls from one particular date would not reveal anything about whether Washington's list-maintenance practices violate HAVA or the NVRA, because that snapshot of a list would not show which voters have been removed from one point in time to the next. As a result, Plaintiff has failed to state the purpose for demanding Washington's unredacted voter rolls. Therefore, even if usurping Washington's role in conducting list maintenance under the NVRA and HAVA could be a lawful purpose for obtaining unredacted voter rolls, Plaintiff's failure to state the basis related to this purpose—*i.e.*, facts that suggest a potential violation of the NVRA and HAVA—is fatal to its claim.

Plaintiff argues that it may obscure one purpose behind another so long as it states one of its purposes for its demand. Br. at 13. But the Court must give meaning to the CRA's "use of the definite article," and evaluate whether Plaintiff has stated *the* purpose for its demand. *Galvin*, 2026 WL 972129, at *3. To hold otherwise would allow Plaintiff to obfuscate bad faith reasons for demanding documents and would allow Plaintiff to engage in broad, open-ended audits rather than investigations of specific concerns. *But see Lynd*, 306 F.2d at 225 (recognizing that under the CRA, a court "exercises judicial judgment. It does not confer or withhold a favor.'") (quoting *Tutun v. United States*, 270 U.S. 568, 578 (1926)). That is particularly important here, where Plaintiff's actions and statements provide considerable reason to doubt that it is engaged only in list-maintenance review. *See* ECF No. 62 at 23-26; *see also Bellows*, 2026 WL 1430481, at *3 n.6. Plaintiff does not clear up any of these doubts in its brief, instead alluding to the fact that it has multiple undisclosed purposes for seeking access to Washington's undisclosed voter rolls. Br. at 13-14.

REPLY IN SUPPORT OF MOTION TO DISMISS
No. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

12

### III.    Plaintiff's request for unredacted voter rolls violates Washington law.

The United States is barred from inspecting an unredacted version of Washington's voter database because it contains sensitive personal information protected under Washington's privacy law. *See* Wash. Rev. Code §§ 29A.08.720(3)(a), .710. No federal statute preempts these privacy protections because no federal statute entitles Plaintiff to the sensitive data it seeks.

Title III of the CRA, the NVRA, and HAVA do not preempt Washington's privacy protections because Washington's law poses no conflict with any of the federal statutes' requirements. Nothing in Title III, HAVA, or the NVRA requires Washington to produce an unredacted voter registration list in contravention of its privacy laws. In the absence of a conflict to point to, Plaintiff argues that "[p]rioritizing Washington's privacy laws" would "subordinate the congressional assignment of federal oversight" of list-maintenance under HAVA and the NVRA. Br. at 33. But Congress omitted a public disclosure provision in HAVA, *see Weber*, 816 F. Supp. 3d at 1190; *Public Interest Legal Foundation, Inc. v. Bellows*, 92 F.4th 36 (1st Cir. 2024), and required through the NVRA that states implement "a *general* program that makes a *reasonable* effort to remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C. § 20507(a)(4) (emphasis added). Washington's privacy law thus poses no obstacle to the will of Congress.

### CONCLUSION

For the foregoing reasons, Intervenor-Defendants Common Cause and Washington Conservation Action Education Fund respectfully request that this Court dismiss Plaintiff's Complaint and deny Plaintiff's motion to compel as moot.

REPLY IN SUPPORT OF MOTION TO DISMISS
No. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

13

June 22, 2026

Respectfully submitted,

/s/ *Amanda Beane*
Amanda Beane
Law Office of Amanda Beane
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
Tel: (206) 531-0224
amanda@amandabeanelaw.com

Brent Ferguson*
Daniel S. Lenz*
Sejal Jhaveri*
Renata O'Donnell*
Kate Hamilton*
Alexis Grady*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
bferguson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
agrady@campaignlegalcenter.org

Maura Eileen O'Connor*
Brennan Center for Justice
at NYU School of Law
777 6th St. NW, Ste. 1100
Washington, DC 20001
Tel: (202) 249-7190
oconnore@brennan.law.nyu.edu

Patrick Berry*
Brennan Center for Justice
at NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310
Fax: (212) 463-7308
berryp@brennan.law.nyu.edu

REPLY IN SUPPORT OF MOTION TO DISMISS
No. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

14

*Admitted Pro Hac Vice*

Counsel for Intervenor-Defendants Common Cause and Washington Conservation Action Education Fund

REPLY IN SUPPORT OF MOTION TO DISMISS
No. 3:25-CV-06078-KKE

LAW OFFICE OF AMANDA BEANE, P.C.
7724 35TH AVE. NE, P.O. BOX 15526
SEATTLE, WA 98115
206-531-0224

15